The STATE ex rel. YUDOFSKY

v.

CITY OF CINCINNATI et al.

[Cite as *State ex rel. Yudofsky v. Cincinnati* (1992), 81 Ohio App.3d 781.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910715.

Decided July 15, 1992.

*R. Gregory Park*, for relator.

*Fay D. DuPuis*, City Solicitor, and *Kim Wilson Burke*, Assistant City Solicitor, for respondents.

---

*Per Curiam.*

This action was commenced in this court with the invoking of its original jurisdiction by the filing of a complaint seeking a writ of mandamus. An answer was filed and, on January 10, 1992, an agreed statement of facts was filed. Following the receipt of briefs and oral arguments, the matter was taken under submission.

The relator, Melvin L. Yudofsky ("Yudofsky"), is an employee of the city of Cincinnati. The city, together with its city manager and its director of personnel (collectively, "respondents") have denied Yudofsky retroactive vacation credit for his prior employment with the University of Cincinnati from January 1966 to June 1981.

Following negotiations, extending over approximately nine months, respondents on July 26, 1991, advised Yudofsky that, pursuant to the provisions of R.C. 9.44, the anniversary date of his employment for the purpose of computing his vacation leave was being changed to February 5, 1966, his employment anniversary date with the university. The import of this change, to be effective by respondents' determination on July 30, 1991, was that Yudofsky's rate of earning vacation credit was increased to the maximum prospectively, but respondents denied any retroactive application of the new rate. The relator seeks a writ of mandamus ordering respondents: to compute his vacation credit for the six-year period from July 30, 1985, to July 30, 1991; to compensate him for that period; to pay his costs and attorney fees; and to order any other relief that this court deems proper.

In his brief, relator states that only two issues remain to be resolved: (1) Do respondents owe the relator six years of retroactive vacation credit, and, if so, from what date? (2) Do respondents owe the relator reimbursement for his attorney fees?

This cause is controlled by *State ex rel. Caspar v. Dayton* (1990), 53 Ohio St.3d 16, 558 N.E.2d 49. There the Supreme Court of Ohio ruled that a writ of mandamus should issue based upon the provisions of R.C. 9.44(A). Notwithstanding a 1989 amendment of that section, the provisions of R.C. 9.44(A) remain the same as the 1987 version that was considered by the court in *State ex rel. Caspar v. Dayton.* The Supreme Court held that a municipal corporation has a mandatory duty, pursuant to the revised code, to compute prior service vacation time for present employees who became employees of any political subdivision prior to July 5, 1987. Further, the Supreme Court implicitly held the appropriate statute of limitations to be that found in the provisions of R.C. 2305.07: six years prior to the date of the filing of the complaint. See, also, *State ex rel. Gingrich v. Fairfield City Bd. of Edn.* (1985), 18 Ohio St.3d 244, 18 OBR 300, 480 N.E.2d 485. Therefore, the relator has a right to the retroactive computation of vacation credits based on prior service only during the six years prior to filing the complaint in mandamus on September 26, 1991. The respondents have a clear legal duty to compute the additional vacation credit to which he is entitled by virtue of the increase in rate over that with which he was credited for the period from September 26, 1985, to July 30, 1991. The six-year period of limitation for bringing an action has the effect of barring any claim antedating the commencement of the six-year period.

Obviously, the right of the relator to have his prior public service credited in computing his vacation leave is meaningless unless he is ultimately compensated for that time. But, although respondents must compensate the

relator, the manner or form in which the compensation will be made is a matter within the discretion of respondents. Mandamus will lie to compel the exercise of discretion but not to control the manner in which the discretion is exercised. See *State ex rel. Stamps v. Automatic Data Processing Bd. of Montgomery Cty.* (1989), 42 Ohio St.3d 164, 538 N.E.2d 105. The respondents are ordered to compensate the relator for his vacation leave in the manner provided by law or ordinance.

The right of the relator to be reimbursed for his attorney fees is the second issue as stated by the relator. Again, *State ex rel. Caspar v. Dayton,* *supra,* is the controlling authority. This cause is not one in the nature of a taxpayer's action in which the taxpayer relator brings the action for the benefit of the public. If it were, the award of the relator's attorney fees may be statutorily authorized. See R.C. 309.13. Absent the enforcement of a public right, the so-called "American Rule" does not award attorney fees to a prevailing party in civil actions. This is the general rule in Ohio "unless the party against whom the fees are taxed was found to have acted in bad faith." *State ex rel. Kabatek v. Stackhouse* (1983), 6 Ohio St.3d 55, 56, 6 OBR 73, 74, 451 N.E.2d 248, 249. The agreed statement of facts upon which this cause was presented to this court does not exhibit conduct on the part of respondents that can fairly be characterized as "bad faith." The relator is not entitled to an order for reimbursement of his attorney fees.

The writ of mandamus will issue as herein specified.

*Writ allowed in part.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.