The STATE Ex Rel. HADSELL et al., Appellees; Heimpold et al.; Ruhl, Appellant,

v.

SPRINGFIELD TOWNSHIP et al., Appellees.

[Cite as *State ex rel. Hadsell v. Springfield Twp.* (1993), 92 Ohio App.3d 256.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–920465, C–920484.

Decided Sept. 29, 1993.

*William P. Whalen, Jr.,* for relator-appellant James D. Ruhl.

*Dolle, Rueger & Mathews Co., L.P.A.* and *William Stewart Mathews II,* for relators-appellees Hadsell and Bach.

*Sirkin, Pinales, Mezibov & Schwartz, H. Louis Sirkin* and *Edmund J. McKenna,* for respondents-appellants-appellees Springfield Township, Judith Keller, Carl F. Abel, Jr., John Waksmundski and Frank Weikel.

MARIANNA BROWN BETTMAN, Judge.

This case involves the entitlement of certain police officers [1] to receive from Springfield Township, the Township Board of Trustees, and the Township Clerk (collectively, "the Township") retroactive vacation credit for prior employment with other political subdivisions. On January 3, 1990, the officers filed a complaint in mandamus seeking this credit.

Rhon A. Hadsell began his employment with the Township April 27, 1982. He was previously employed with another political subdivision from May 25, 1976 to April 15, 1982. Richard E. Niehaus began his job with the Township February 7, 1981. He was previously employed with another political subdivision from August 1975 to February 4, 1981, and part-time from August 1972 to the filing of the suit. David Bach's complaint was silent as to his other employment; he began his employ with the Township September 16, 1976. James D. Ruhl began his employ with the Township April 7, 1984. He had been previously employed with another political subdivision from January 1973 to March 1978, and before

---

1. There were originally eleven police officers involved in this lawsuit. The claims of only four remain for review before us. Of these four, one of the officers, appellee Richard E. Niehaus, has not filed a brief.

that with the Hamilton County Sheriff's Department from June 29, 1972 to August 24, 1973. All of these facts were admitted by the Township.

Upon this record, the Township filed for partial summary judgment on statute-of-limitations grounds. The officers filed for summary judgment on the vacation-credit issues. The trial court found R.C. 2305.07 to be the applicable statute of limitations, and further found that the officers were entitled to accrued vacation credits due after January 3, 1984. On January 22, 1991, a judgment entry and writ of mandamus were entered ordering the Township to credit the officers for unpaid vacation benefits in an amount to be determined subsequently. The Township filed for reconsideration, which was denied by entry of December 17, 1991. Following a hearing, the court by final judgment entry of May 18, 1992, credited Bach benefits in the amount of $1,074.13, Hadsell in the amount of $3,095.64, and Niehaus in the amount of $8,330.11. The court found that Ruhl had waived his entitlement to his accrued unpaid vacation credits when he resigned from the Township and accepted without reservation a final paycheck which did not include the disputed accrued credits from his prior employment. From this entry Ruhl and the Township have both appealed.

■ We will dispose of the claim of Officer Ruhl first. Ruhl argues that the trial court erred in finding that he had waived any claim under R.C. 9.44 because he resigned from his employment with the Township and accepted without protest final payment excluding his accrued benefits. We disagree. The record demonstrates that while the present lawsuit was pending in the trial court, Ruhl accepted a final paycheck from the Township, which did not include any amount for vacation credits from prior qualifying employment. He made no complaint or protest about any excluded amount and did nothing to demonstrate that he was accepting this check as anything other than payment in full of what was owed him. Accordingly, the trial court did not err in finding that Ruhl had waived any other benefits which may have been due him. See *AFC Interiors v. DiCello* (1989), 46 Ohio St.3d 1, 544 N.E.2d 869; *State ex rel. Hess v. Akron* (1937), 132 Ohio St. 305, 8 O.O. 76, 7 N.E.2d 411; *Tool Steel Products Sales Corp. v. XTEK, Inc.* (Jan. 29, 1993), Hamilton App. No. C–910533, unreported, 1993 WL 19476. Ruhl's assignment of error is overruled.

■ We turn now to the three assignments of error raised by the Township. We shall consider the third assignment of error first. In it, the Township argues that the collective-bargaining agreement ("CBA") between the Township and its uniformed police officers is dispositive of the issues in this case. It is undisputed

that the CBA covers the officers involved in this appeal.[2]   It is also undisputed that the subject of vacation credits is a proper one for a collective-bargaining agreement.   The officers argue that under R.C. 9.44 they have a clear legal right to be credited with vacation accrued from past employment.   R.C. 9.44 provides in pertinent part:

"(A) Except as otherwise provided in this section, a person employed, other than as an elective officer, by the state or any political subdivision of the state, earning vacation credits currently, is entitled to have his prior service with any of these employers counted as service with the state or any political subdivision of the state, for the purpose of computing the amount of his vacation leave.   The anniversary date of his employment for the purpose of computing the amount of his vacation leave, unless deferred pursuant to the appropriate law, ordinance, or regulation, is the anniversary date of such prior service."

The Township argues that any claim to vacation benefits is limited to present employment with the Township because the language of the CBA specifically excludes the officers' rights under R.C. 9.44.   The specific language, identical in both CBAs, on which the Township relies is as follows:

"ARTICLE I

"PREAMBLE

"*Section 1.1:*  This Agreement is entered into by and between Springfield Township, Hamilton County, Ohio, hereinafter referred to as the 'Employer', and the Fraternal Order of Police/Ohio Labor Council, Inc. hereinafter referred to as the 'FOP', has as its purpose the following:

"To comply with the requirements of Chapter 4117 of the Ohio Revised Code, and to set forth in its entirety the full and complete understandings and agreements between the parties governing the wages, and the hours, terms, and other conditions of employment for those employees included in the bargaining unit as defined herein."

We note that the subject of vacation credits is covered specifically in Article 19 of both CBAs.   The issue then for us becomes whether the CBA controls to exclude the accrued vacation credits, or whether R.C. 9.44 controls, requiring the Township to credit the officers with past vacation benefits.   We hold that the language in the CBA does not specifically exclude the officers' rights to past

---

2.   The parties stipulated into evidence two collective-bargaining agreements, one in effect from January 1, 1987 to December 31, 1989;  the other in effect from January 1, 1990 to December 31, 1992.   There is no evidence of any CBA for the years 1984 to 1987.   However, due to our disposition of this assignment of error, this omission is immaterial.

vacation credits, and that the trial court correctly found the officers were entitled to these credits.

Ohio law is clear that R.C. 9.44 creates a mandatory duty on a political subdivision to credit employees with prior service vacation credit absent a collective-bargaining agreement under R.C. Chapter 4117 which specifically excludes the R.C. 9.44 rights. *State ex rel. Clark v. Greater Cleveland Regional Transit Auth.* (1990), 48 Ohio St.3d 19, 548 N.E.2d 940, syllabus. We disagree with the Township that the language in its CBA specifically excludes the rights of the police officers under R.C. 9.44. The *Cleveland Transit* court held that while the eligibility of employees for vacation with their present employer was clearly covered under the collective-bargaining agreement, the question of whether an individual was entitled to prior service credit was not specifically addressed by the collective-bargaining agreement, and therefore the rights under R.C. 9.44 controlled. Similarly, in *State ex rel. Caspar v. Dayton* (1990), 53 Ohio St.3d 16, 558 N.E.2d 49, the court noted that while the collective-bargaining agreement in that case granted supplementary vacation days to officers after a specified number of years of employment with the city of Dayton, the agreement did not specifically exclude the R.C. 9.44 rights, and therefore the officers were entitled to the past credit. From these cases it is clear that in order for the terms of a collective-bargaining agreement to supplant rights to accrued time under R.C. 9.44, the R.C. 9.44 rights must be specifically excluded. We hold that the general language relied upon by the Township in its CBA does not meet this test of specific exclusion, and we therefore conclude that the CBA in this case does not supplant the entitlement of the officers to credits for past vacation benefits.

*State ex rel. Internatl. Union of Operating Engineers v. Simmons* (1991), 58 Ohio St.3d 247, 569 N.E.2d 886, relied on by the Township in seeking reconsideration of the court's grant of summary judgment to the officers on their entitlement to the credits, is inapposite. In that case the Ohio Supreme Court declined to review the correctness of an arbitrator's decision on that subject in a binding arbitration. We overrule the Township's third assignment of error.

We will consider the Township's first and second assignments of error together. The Township argues that the trial court erred in granting summary judgment in favor of the officers on their entitlement to past service credits, and that the court further erred in its application of the statute of limitations. We note at the outset that the trial court, in allowing the writ of mandamus, made a bifurcated ruling in this matter, first determining that the officers were entitled to vacation credits due after January 3, 1984, and reserving for later determination the amounts which the officers were to be credited. Subsequently, the amount of the credit due was determined for each officer.

■ We hold that the court correctly found R.C. 2305.07 to be the applicable statute of limitations, and correctly applied the statute to limit relief to six years prior to the date of the filing of the complaint. See *State ex rel. N. Olmsted Fire Fighters Assn. v. N. Olmsted* (1992), 64 Ohio St.3d 530, 597 N.E.2d 136; *State ex rel. Yudofsky v. Cincinnati* (1992), 81 Ohio App.3d 781, 612 N.E.2d 390. Therefore the court correctly found that the officers had a right to the computation of vacation credits based on prior service retroactive to January 3, 1984, six years prior to the filing of their complaint. Accordingly, the Township's second assignment of error is overruled.

We turn finally to the Township's first assignment of error, alleging that the trial court erred in granting partial summary judgment in favor of the officers. At the time the court granted the officers' motion for summary judgment, the material before the court consisted of the complaint and the answer. The complaint alleged, and the answer admitted, the starting dates of employment with the Township of Hadsell and Niehaus, along with names of their prior employers and the dates of their prior employment. As to Bach, no allegations of prior employment existed in the complaint, but the answer admitted his date of hire with the Township. The complaint also stated, and the answer admitted, that a demand was made on the Township for prior service credits by all the officers. The Township argues that summary judgment could not be properly granted because there was no supporting material of an evidentiary nature provided by the officers to show that their prior employers were qualifying employers, no showing that the officers were entitled to the vacation credits for the periods alleged, and no showing of the present employment policy of the Township so that the entitlement to benefits could be properly compared and made as required in *State ex rel. N. Olmsted Fire Fighters Assn. v. N. Olmsted, supra.* In short, the Township alleges that there was no evidence of the terms and conditions of either the officers' past or present employment, and that without this evidence, the credits could not be determined. Therefore, the Township argues, summary judgment was improperly granted. We disagree.

■ All of the issues of fact claimed to be disputed by the Township had a bearing on the amount determined to be due each officer at the damages portion of the proceedings, not on their legal entitlement to the benefits. These issues were the issues reserved by the court in its order for the damages hearing. We again note that the court granted summary judgment only on the issue of liability, correctly holding that as a matter of law R.C. 9.44 created a mandatory duty on the Township to credit past vacation benefits to these officers from January 3, 1984, to the date of the writ. The granting of summary judgment did not end the matter. The Township was not foreclosed from disputing the issues it now raises. The Township had a full and complete opportunity to challenge

any unresolved or disputed issues of qualifying past employment and credit entitlement at the damages hearing.

We note that the Township assigns no error as to, and apparently does not dispute, the amount credited to Officers Hadsell, Niehaus[3] and Bach. In the absence of any record, we assume that any matters which may have been unresolved by the court's decision on liability were correctly resolved in the damages hearing. See *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385; *Rollman v. Auto Parts Warehouse Outlet* (Feb. 6, 1991), Hamilton App. No. C–890712, unreported, 1991 WL 16013. The Township's first assignment of error is overruled.

Accordingly, finding no error in the court's granting of summary judgment on the issue of liability, and no challenge to the amounts awarded, we affirm the judgment of the trial court in its entirety.

*Judgment affirmed.*

KLUSMEIER, P.J., and DOAN, J., concur.

---

3. As noted before, Niehaus filed no brief. However, we have determined the position of the Township in its brief to be legally incorrect; therefore, the amount credited to Niehaus is upheld along with those of his brother officers.