OPINION
Appellant, Carol Dawson, entered into an oral agreement with appellee, Randy Kaiser dba Kaiser Construction, for construction of an outdoor project. Appellee completed the work and a balance of $4,895.00 remained due and owing to appellee. Appellant did not pay.
On March 2, 1995, appellee filed a complaint against appellant for nonpayment. Appellant filed an answer and counterclaim alleging breach of various duties and violations of the Ohio Consumer Sales Practices Act. Appellee filed an amended complaint on May 9, 1996, and appellant answered and counterclaimed on May 24, 1996.
By stipulated entry filed May 29, 1996, the parties agreed to binding arbitration. An arbitration hearing was held on June 13, 1997. By report and award filed June 30, 1997, the arbitrator found appellee had committed consumer sales violations by not furnishing a written agreement and a form of notice of cancellation to appellant and therefore awarded appellant $1806.45 (a refund of the $602.15 already paid to appellee times three). The arbitrator also awarded appellant reasonable attorney's fees.
A hearing on attorney's fees was held on September 17, 1997. By report and award filed September 19, 1997, the arbitrator awarded appellant $1,002.15 for attorney's fees. By judgment entry filed May 11, 1998, the trial court entered final judgment on the arbitration awards.
On May 27, 1998, appellant filed a notice of appeal to this court. On September 9, 1998, appellee filed a motion to dismiss the appeal. This matter is now before this court for consideration. Assignments of error are as follows:
I
 IT WAS PLAIN ERROR, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW FOR THE ARBITRATOR TO FIND THAT THE APPELLANT HAD PAID $602.15 TO THE APPELLEE WHEN THE UNCONTROVERTED EVIDENCE SHOWED THE APPELLANT HAD PAID THE APPELLEE $8,882.05 OVER THE COURSE OF THE HOME IMPROVEMENT AND TREBLE DAMAGES WERE MANDATORY IN THE AMOUNT OF $26,646.15.
II
 IT WAS PLAIN ERROR, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW FOR THE ARBITRATOR TO FIND THAT THE APPELLANT WAS ENTITLED TO $1,002.15 IN ATTORNEYS' FEES WHEN THE UNCONTROVERTED EVIDENCE SHOWED THE APPELLANT HAD EXPENDED $6,544.62 FOR FAIR, REASONABLE AND NECESSARY FEES IN THE DEFENSE OF THE CASE AND PROSECUTION OF THE VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT AND ATTORNEYS' FEES IN THE GREATER AMOUNT WERE MANDATED.
III
 IT WAS PLAIN ERROR AND CONTRARY TO LAW FOR THE TRIAL COURT TO FAIL TO CONFIRM THE ARBITRATOR'S REPORT AND AWARD IN A TIMELY MANNER UNDER LOCAL RULE 16.11(D) AND TO ALTER THE TERMS OF THE ARBITRATION AGREEMENT STATING `. . . NO APPEAL OF THE AWARD WAS MADE . . .' WHEN NO `APPEAL' COULD BE MADE FOR A TRIAL DE NOVO.
 MOTION TO DISMISS
Appellee argues this appeal should be dismissed because the parties agreed to binding arbitration and neither party reserved the right to appeal. We disagree.
R.C. 2711.15 states "[a]n appeal may be taken from an order confirming * * * an award made in an arbitration proceeding or from judgment entered upon an award." Pursuant to said section, appellant has the right to appeal.
Appellee's motion to dismiss is denied.
 I, II, III
Appellant argues the trial court's final judgment on the arbitration awards was contrary to law.
Pursuant to stipulated entry filed May 29, 1996, the parties agreed to binding arbitration. The arbitrator entered awards on June 30, 1997 and September 19, 1997. Appellant never filed a motion to vacate, modify, or correct the awards pursuant to R.C.2911.13. Instead, appellant appealed the trial court's confirmation of the awards. Because appellant never filed a motion to vacate or modify the awards with the trial court pursuant to R.C. 2711.13, she has waived the right to raise viable arguments for vacating the awards before this court. See, Lee v.Heckelmann (September 8, 1995), Lake App. No. 95-L-013, unreported. Furthermore, "[b]inding arbitration precludes judicial review unless the arbitrators were corrupt or committed gross procedural improprieties." The State ex rel. InternationalUnion of Operating Engineers, Local Nos. 18, 18A, 18B, 18C, 18RA,AFL-CIO v. Simmons (1991), 58 Ohio St.3d 247, 248, quotingHuffman v. Valleto (1984), 15 Ohio App.3d 61, 63. Appellant made no such claims sub judice.
Assignments of Error I, II and III are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.