[THE STATE, EX REL.] McGOWAN, APPELLANT, *v.* CUYAHOGA
METROPOLITAN HOUSING AUTHORITY, APPELLEE.

[Cite as *State, ex rel. McGowan, v. Cuyahoga Metro.
Hous. Auth.* (1992), 63 Ohio St.3d 187.]

(No. 91–486—Submitted January 7, 1992—Decided March 11, 1992.)

*Harvey J. McGowan, pro se.*

*James J. VanBergen,* for appellee.

*Per Curiam.* Following an established grievance procedure is an adequate
remedy at law which will cause denial of the writ of mandamus. *State, ex rel.
Internatl. Union of Operating Engineers, v. Simmons* (1991), 58 Ohio St.3d
247, 249–250, 569 N.E.2d 886, 888. McGowan could have filed a grievance
under CMHA's Administrative Order 11.18, which provides:

"Any employee may call to CMHA's attention actions by CMHA or its
employees affecting him/her by way of the Grievance Procedure. Specific
grievance procedures outlined in this Administrative Order apply to non-

bargaining unit employees only. Bargaining unit employees are covered by the collective bargaining agreements between their union and CMHA. * * * "

Consequently, McGowan is not entitled to a writ of mandamus, and we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.