DECISION
{¶ 1} Relator, Teresa Mathews, has filed an original action requesting that this court order respondents, Ohio Department of Rehabilitation and Correction, and former Director, Reginald Wilkinson, to place relator in her previously held position as a Corrections Classification Specialist.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny relator's request for a writ of mandamus on the basis that relator had an adequate remedy at law. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, and, based upon an independent review of the evidence, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, relator's request for a writ of mandamus is denied.
Writ of mandamus denied.
Klatt, P.J., and Sadler, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Teresa Mathews, :
Relator, :
v. : No. 05AP-246
Ohio Department of Rehabilitation : and Correction et al., :
Respondents. :
 MAGISTRATE'S DECISION Rendered on June 19, 2006 Michael A. Moses, for relator.
Jim Petro, Attorney General, Nicole S. Moss, and Joseph N.Rosenthal, for respondents.
 IN MANDAMUS {¶ 4} Relator, Teresa Mathews, has filed this original action requesting that this court order respondents, Ohio Department of Rehabilitation and Correction ("ODRC") and former Director, Reginald Wilkinson, to place relator in the previously held position as a Corrections Classification Specialist.
Findings of Fact:
 {¶ 5} 1. Relator has been employed by ODRC for many years. For purposes of this mandamus action, it is undisputed that relator has been in the employ of ODRC for more than five years.
 {¶ 6} 2. As of December 11, 1994, relator was promoted to the position of Correction Specialist 4. It is undisputed that relator's position was covered by the Collectively Bargained Agreement between the State of Ohio and SEIU/1199.
 {¶ 7} 3. In January 2001, relator was promoted to the position of Penal Industries Manager 1.
 {¶ 8} 4. By letter dated August 12, 2002, relator was notified that, due to a reorganization, layoffs of personnel were necessary. The letter sent to relator specifically informed her of the following:
We regret to inform you that due to the reorganization of Ohio Penal Industries for the purpose of efficiency, a layoff of personnel is necessary. As a result you are being displaced from your position as Penal Industries Manager 1 effective September 21, 2002.
Based on your provisional status and retention point rating of 396 points you do not have the right to displace another certified exempt employee. However, based upon your seniority credits you may have bumping rights that fall within the bargaining unit. The Bureau of Labor Relations has been provided this information for consideration.
You may have the option to select the counties within the layoff jurisdiction for which you will be available for reinstatement and/or re-employment.
You may also retain reinstatement rights to your original class in this agency for one (1) calendar year from the effective date above. Likewise, you may retain re-employment rights to other agencies within the jurisdiction within the same time period. * * *
* * *
As a displaced employee, you also have the right to appeal this action in writing to the State Personnel Board of Review, 65 East State Street, 12th floor, Columbus, Ohio 43266-0319, within ten (10) calendar days after receipt of this letter. The Ohio Administrative Code, Chapter 123:1-41 governs this layoff, and the attached copy is provided for your reference.
 {¶ 9} 5. Thereafter, by letter dated August 16, 2002, relator was informed that the paper layoff was scheduled for August 28, 2002, in accordance with Article XVIII of the OCSEA contract. Relator was instructed to complete certain forms enclosed with the letter.
 {¶ 10} 6. On August 22, 2002, relator completed and signed a "BUMPING SELECTION FORM" indicating her intent to exercise her displacement rights. Relator specifically indicated that she was willing to exercise her displacement rights as follows: if her position was abolished; in order to avoid a layoff if she was displaced or bumped by a more senior employee; and to bump into a lower classification and avoid a layoff. However, relator indicated that she was not willing to accept part-time employment if no full-time job alternative exists. Relator also indicated that, within the past five years, she had held the following position in a different classification series: "Correction Classification Specialist."
 {¶ 11} 7. By letter dated August 29, 2002, relator was notified that her bumping/displacement rights were exercised in accordance with Article XVIII of the OCSEA contract; however, there were no positions or options into which relator could be displaced. Relator was informed further as follows:
* * * Therefore, due to the reorganization of the Ohio Penal Industries you will be laid off * * *. Your last day of employment will be Saturday, September 21, 2002. * * *
You shall have recall rights in your same, similar, or related classification series within OPI and within the recall jurisdiction (See Appendix J of the Collective Bargaining Agreement) for a period of twenty-four (24) months provided you meet the minimum qualifications as stated in the classification specification.
You will also retain re-employment rights to your original classification to other agencies within the re-employment jurisdiction for the same period. You have the option to select the counties for re-employment that you would desire to be on the re-employment list for future employment. The county list is attached.
Both reinstatement and re-employment will be based upon your state seniority credits and every attempt will be made to place you in a position similar to your present one as soon as possible. Reinstatement and re-employment will be conducted in accordance with Article 18 of the OCSEA Contract.
* * *
If you wish to appeal your layoff, you must file a written grievance pursuant to Article 25 of the OCSEA Contract within fourteen (14) days of receipt of the letter. The grievance should be forwarded to the Bureau of Labor Relations, 1050 Freeway Drive, Columbus, Ohio 43229.
 {¶ 12} 8. Relator was laid off effective September 21, 2002.
 {¶ 13} 9. Relator did not file an appeal to the State Personnel Board of Review ("SPBR") following the August 12, 2002 letter informing her that she was being laid off.
 {¶ 14} 10. Relator also did not file a written grievance with the Bureau of Labor Relations pursuant to Article 25 of the OCSEA contract following her termination.
 {¶ 15} 11. Approximately one year later, on August 12, 2003, relator filed a request for an investigation with the SPBR.
 {¶ 16} 12. Relator's request for an investigation was heard before an administrative law judge on January 22, 2004. The administrative law judge explained the nature of relator's action and recommended that it be dismissed as follows:
* * * In her request for investigation, Appellant Mathews states she was laid off from the Department of Rehabilitation and Correction on September 21, 2002. She then requests this Board to investigate alleged violations of Chapter 124. of the Ohio Revised Code.
Ohio Administrative Rule 124-1-03 of the Ohio Administrative Code governs the time limits for filing with this Board. Paragraph (F) of that rule states as follows:
"Investigation requests shall be filed, in writing, within sixmonths of knowledge of the alleged violations of Chapter 124. ofthe Revised Code. This time period may be extended within the discretion of the board where the violation is ongoing or there is a pattern of violation over an extended period of time. (Emphasis added)."
As can be seen from reading the above rule, investigation requests must be filed with this Board within six months of the alleged violations occurring. Appellant Mathews was laid off effective September 21, 2002. She has alleged violations relating to that lay off. Therefore, she would have had until March 2003 to request an investigation. Her request was not filed with this Board until August 2003, approximately five months after the time limit.
 {¶ 17} 13. By order mailed March 19, 2004, SPBR examined the record, adopted the report of the administrative law judge, and ordered that relator's action be terminated due to the untimely filing of the request and lack of subject-matter jurisdiction over the matter referenced therein, pursuant to R.C. 124.56 and Ohio Adm. Code 124-03(F).
 {¶ 18} 14. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 19} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 20} Respondents argue that relator's request for a writ of mandamus in this court must fail because relator possessed an adequate remedy at law. As a classified exempt employee, relator had rights to appeal her lay off to SPBR. Relator failed to timely avail herself of this option and likewise failed to file a grievance pursuant to her collective bargaining agreement. As such, respondents argue that relator's request for a writ of mandamus should be denied.
 {¶ 21} In her brief, relator does not even attempt to address the issue of her failure to file either an appeal or a grievance. Instead, relator simply argues that she was entitled to be placed back into the Corrections Classification Specialist position and that respondents failed to do so.
 {¶ 22} The law is clear that mandamus is inappropriate where one has a plain and adequate remedy at law. Because relator's claim is that ODRC violated Ohio Adm. Code 123:1-41-12(D)(2), SPBR had subject matter over relator's appeal. Relator failed to pursue this remedy.
 {¶ 23} Further, as stated previously, relator could have filed a grievance of her employer's determination that she did not meet the minimum qualifications for the union position she sought with OCSEA. The right to file a grievance has been found to provide an adequate remedy at law. See State ex rel. McGowanv. Cuyahoga Metro. Hous. Auth. (1992), 63 Ohio St.3d 187. However, as stated previously, relator failed to file such a grievance.
 {¶ 24} Because relator had an adequate remedy at law, either by filing an appeal to SPBR or by pursuing a grievance, the magistrate finds that relator cannot demonstrate that she has a right to a writ of mandamus. Relator cannot seek to compel by way of mandamus that which she could have compelled either by the filing of an appeal or the filing of a grievance. As such, the magistrate would deny relator's request for a writ of mandamus.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE