OPINION
{¶ 1} On October 31, 2008, relator, Farrell Hamill, filed a complaint in mandamus requesting that this court issue a writ of mandamus ordering respondent, The Ohio State University ("OSU"), to promote him to the position of program coordinator for the Multi-Media Production Space for OSU's Sullivant Library. In his complaint, relator alleges that he is an employee of OSU, that he applied for the above position in June of 2007, and that the position is in the classified civil service. *Page 2 
 {¶ 2} On December 16, 2008, OSU filed a motion for summary judgment, asserting that the position relator applied for was not a classified civil service position. Attached to the motion was the affidavit of Marjie Hamlett, custodian of records for the Office of Human Resources at OSU. In her affidavit, Hamlett averred that the position for which relator sought a promotion was an unclassified professional position.
 {¶ 3} This matter was referred to a magistrate of this court pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued an order setting January 5, 2009 as the date for the parties to submit materials and briefs on the motion for summary judgment. On January 5, 2009, relator filed a motion for extension of time to file a response to OSU's motion for summary judgment. The magistrate issued an order on January 9, 2009, providing that "[r]elator's January 5, 2009 motion for an extension of time until February 4, 2009 to file a response to the motion for summary judgment is granted."
 {¶ 4} On January 21, 2009, the magistrate rendered a decision, which is appended to this opinion, including findings of fact and conclusions of law, recommending that this court grant OSU's motion for summary judgment. Specifically, the magistrate concluded that relator did not have a clear legal right to be promoted inasmuch as his current position is not a classified civil service position and the position for which he seeks a promotion is unclassified and not subject to the provisions of the Ohio Administrative Code relating to transfers and promotions within the classified civil service.
 {¶ 5} At the time of the magistrate's January 21, 2009 decision, relator had not filed a response to OSU's motion for summary judgment, and the magistrate's decision specifically noted relator "has not opposed OSU's motion for summary judgment." On *Page 3 
February 2, 2009, relator filed objections to the magistrate's decision, asserting that the magistrate had previously issued an order granting relator's motion for extension of time until February 4, 2009 to file a response to the motion for summary judgment, and that the magistrate had disregarded that order by rendering the January 21, 2009 decision. On February 4, 2009, relator filed a memorandum in opposition to OSU's motion for summary judgment.
 {¶ 6} On February 10, 2009, the magistrate issued a nunc pro tunc decision, in which the magistrate noted that relator had "filed his memorandum opposing OSU's motion for summary judgment on February 4, 2009." In the nunc pro tunc decision, the magistrate again recommended that summary judgment be granted in favor of OSU on the basis that relator did not have a clear legal right to be promoted to the position at issue.
 {¶ 7} Relator has not filed objections to the magistrate's nunc pro tunc decision rendered February 10, 2009. Regarding relator's objections to the magistrate's initial decision, inasmuch as the magistrate subsequently considered, in the nunc pro tunc decision, relator's memorandum in opposition to the motion for summary judgment, those objections have effectively been rendered moot.
 {¶ 8} As noted by the magistrate, while relator's complaint alleges that the position he applied for is a classified civil service position, the appendix attached to relator's complaint, setting forth the posting information, specifically states that the job listing is for an "unclassified professional position." Further, OSU submitted the affidavit of Hamlett, a human resources employee with OSU, in which she avers the position of program coordinator is an unclassified professional position, and that relator's application *Page 4 
for that position was not subject to procedures applicable to transfers and promotions at OSU, including rules and regulations pertaining to the classified civil service. The magistrate, in considering the above record evidence, concluded that relator did not have a clear legal right to the relief requested, and upon review we agree.
 {¶ 9} Based upon an examination of the magistrate's decision, an independent review of the evidence, and finding no error or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, OSU's motion for summary judgment is granted, and relator's request for a writ of mandamus is denied.
Motion for summary judgment granted and writ of mandamus denied.
SADLER and McGRATH, JJ., concur. *Page 5 
 APPENDIX NUNC PRO TUNC MAGISTRATE'S DECISION {¶ 10} Relator, Farrell Ham ill, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio State University ("OSU"), to promote him to the position for which he applied: Program Coordinator for the Multi-media Production Space for OSU's Sullivant Library.
Findings of Fact: *Page 6 {¶ 11} 1. On October 31, 2008, relator filed this action seeking a writ of mandamus to compel OSU to promote him to the position for which he applied: Program Coordinator for the Multimedia Production Space for OSU's Sullivant Library.
 {¶ 12} 2. In his complaint, relator acknowledges that he is exempt from any collective bargaining agreements.
 {¶ 13} 3. According to his complaint, relator applied for the aforementioned position on July 20, 2007. Relator asserts that the position for which he applied is a classified civil service position. However, relator has attached, as appendix A to his complaint, the application for this position. That document clearly indicates that the position relator seeks is an unclassified professional position.
 {¶ 14} 4. Relator indicates further that he and one other person were both interviewed for the position; however, relator asserts that, of the two, he is the only person interviewed who is actually qualified. Relator asserts that OSU is holding this position for this unqualified applicant until such time as she can qualify.
 {¶ 15} 5. Apparently, OSU has yet to fill the position.
 {¶ 16} 6. Relator asserts that he has a clear legal right to this promotion.
 {¶ 17} 7. On December 16, 2008, OSU filed a motion for summary judgment and attached thereto the affidavit of Marjie Hamlett, "Employee and Labor Relations Consultant for the Office of Human Resources at The Ohio State University[,] * * * and as custodian of records for the Office of Human Resources records referenced in this Affidavit."
 {¶ 18} 8. According to the affidavit of Ms. Hamlett, the position for which relator seeks a promotion is an unclassified professional position. OSU argues that it is not *Page 7 
required to follow the various provisions of the Ohio Administrative Code which relate to transfers and promotions within the classified civil service.
 {¶ 19} 9. Relator filed his memorandum opposing OSU's motion for summary judgment on February 4, 2009.
 {¶ 20} 10. The matter is currently before the magistrate on OSU's motion for summary judgment.
Conclusions of Law: {¶ 21} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 22} OSU's motion for summary judgment should be granted because relator does not have a clear legal right to be promoted to the position of Program Coordinator for the Multimedia Production Space for OSU's Sullivant Library. OSU can fill this position now, sometime in the future or never. Relator simply has no clear legal right to this promotion. *Page 8 
 {¶ 23} Based on the foregoing, it is this magistrate's conclusion that this court should grant OSU's motion for summary judgment and relator's mandamus action should be dismissed. *Page 1