[Cite as *State ex rel. Cavanagh v. Cleveland*, 2011-Ohio-3840.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
## No. 96116

---

## STATE EX REL. SONIA CAVANAGH

RELATOR

vs.

## CITY OF CLEVELAND

RESPONDENT

---

## JUDGMENT:
WRIT DENIED

---

Writ of Mandamus
Motion Nos. 443119 and 443146
Order No. 445737

**RELEASE DATE:** August 3, 2011

**FOR RELATOR**

Victor V. Anselmo
1360 W. 9th Street, Suite 310
Cleveland, OH 44113


**ATTORNEYS FOR RESPONDENT**

Robert J. Triozzi
Director of Law
City of Cleveland

By: Theodora M. Monegan
Chief Assistant Director of Law
James C. Corchran
Assistant Director of Law
City Hall Room 106
601 Lakeside Avenue
Cleveland, Ohio    44114-1077

SEAN C. GALLAGHER, P.J.:

{¶ 1}  Sonia Cavanagh, the relator, has filed a complaint for a writ of mandamus.   Cavanagh seeks an order from this court that requires the city of Cleveland ("City") to promote her to the classified position of Assistant Personnel Administrator ("APA") for the City, Department of Port Control, Division of Cleveland Hopkins International Airport ("Dept. of Port Control"),

and to award back pay from June 1, 2007. In addition, Cavanagh seeks an award of attorney fees based upon the allegation that the City failed to timely provide requested public records as required by R.C. 149.43. Pursuant to a guidelines hearing held by this court on December 21, 2010, the parties were permitted to conduct discovery and file separate motions for summary judgment. For the following reasons, we grant the City's motion for summary judgment and deny Cavanagh's motion for summary judgment.

Facts

{¶ 2} The following facts that are pertinent to this original action are gleaned from the complaint for a writ of mandamus, the City's motion for summary judgment with attached affidavits and exhibits, Cavanagh's response to the City's motion for summary judgment, Cavanagh's motion for summary judgment with attached affidavits and exhibits, and the City's response to Cavanagh's motion for summary judgment:

{¶ 3} (1) In August 2005, Cavanagh was hired by the City as a special assistant to the mayor;

{¶ 4} (2) In December 2005, Cavanagh was transferred to the Dept. of Port Control and was designated a temporary appointee in the classified position of Junior Personnel Assistant ("JPA");

{¶ 5} (3) In November 2006, Cavanagh was reclassified as a regular employee in the classified position of JPA;

**{¶ 6}** (4) In June 2007, Loretta Pawul was employed by the Dept. of Port Control in the classified position of APA;

**{¶ 7}** (5) The classified positions of JPA and APA are not governed by a collective bargaining agreement and are classified civil service positions;

**{¶ 8}** (6) Appointments to the classified positions of JPA and APA are controlled by the City's charter, the City's ordinances, the City's civil service rules, and the City's personnel policies;

**{¶ 9}** (7) In June 2007, Loretta Pawul retired from her classified position as APA;

**{¶ 10}** (8) In June 2007, Cavanagh and three other employees assumed some of the duties and responsibilities of Loretta Pawul. Cavanagh assumed additional responsibility for setting up personnel interviews, processing new hires, seasonal recruitment, email distribution of benefit information to employees, liaison between the City and the Dept. of Port Control with regard to benefit fairs and deferred compensation meetings, and obtaining escort passes for visitors;

**{¶ 11}** (9) In November 2007, Cavanagh made a request to have her position of employment reclassified as an APA; Cavanagh's request was denied;

**{¶ 12}** (10) Since June 2007, the classified position of APA has not been filled, nor are there any current postings for the position;

**{¶ 13}** (11) On December 3, 2010, Cavanagh filed her complaint for a writ of mandamus;

**{¶ 14}** (12) On December 21, 2010, a guidelines hearing was conducted by this court at which time a briefing schedule was established for the parties;

**{¶ 15}** (13) On March 23, 2011, Cavanagh filed her motion for summary judgment with supporting affidavits and exhibits;

**{¶ 16}** (14) On March 25, 2011, the City filed its motion for summary judgment with supporting affidavits and exhibits;

**{¶ 17}** (15) On April 11, 2011, Cavanagh filed her brief in opposition to the City's motion for summary judgment;

**{¶ 18}** (16) On April 12, 2011, the City filed its brief in opposition to Cavanagh's motion for summary judgment.

Legal Analysis

**{¶ 19}** Cavanagh, through her complaint for a writ of mandamus, argues that she is entitled to promotion to the classified position of APA. Specifically, Cavanagh sets forth five arguments in support of the claim that she is entitled to a writ of mandamus that requires the City to promote her to the classified position of APA:

**{¶ 20}** (1) "When the position of [APA] was vacated in June of 2007, a vacancy was created as contemplated by the Rules of the Civil Service

Commission of the [City], and [Cavanagh] was entitled to appointment to that vacancy."

{¶ 21} (2) "When [Cavanagh] assumed the duties of [APA], at the direction of her supervisors, she became a Temporary Appointee as contemplated by Cleveland Civil Service Commission Rules 6.70 et seq. and was entitled to all protections and procedures provided therein."

{¶ 22} (3) "[Cavanagh] has been performing the duties of [APA] continuously since June 1, 2007, is properly qualified and certified for the position, and is entitled to the appointment with an attendant salary increase to the position of [APA], effective June 1, 2007, because of her satisfactory service and retention beyond the period of 120 days."

{¶ 23} (4) "[Cavanagh] is entitled to the appointment with attendant salary increase to the position of [APA], effective June 1, 2007, under Section 131-1 of the [City] Charter which provides: * * *."

{¶ 24} (5) "[City's] actions recited above constitute acts in bad faith intentionally designed to avoid compliance with the Civil Service laws binding upon [the City]."

Mandamus — Right to Promotion

{¶ 25} It is well established that this court is permitted to grant a writ of mandamus if the relator affirmatively establishes that (1) the relator possesses a clear legal right to the requested relief; (2) the respondent

possesses a clear legal duty to perform the requested relief; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914; *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 374 N.E.2d 641. Furthermore, the relator's possession of an adequate remedy at law, regardless of its use, precludes relief in mandamus. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108; *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.* (1990), 56 Ohio St.3d 33, 564 N.E.2d 86.

{¶ 26} It must also be noted that mandamus is an extraordinary remedy, which is to be granted with extreme caution and only when the right is clear. Mandamus will not issue in doubtful cases. *State ex rel. Taylor v. Glasser* (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; *State ex rel. Shafer v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 113 N.E.2d 14; *State ex rel. Connole v. Cleveland Bd. of Edn.* (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; *State ex rel. Dayton-Oakwood Press v. Dissinger* (1941), 34 Ohio Law Abs. 435, 37 N.E.2d 964.

{¶ 27} Moreover, "the issuance of a writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made. The writ is not demandable as a matter of right, or at least is not wholly a matter of right; nor will it issue unless the relator has a clear right to the relief sought, and makes a clear case for the

issuance of the writ. The facts submitted and the proof produced must be plain, clear and convincing before a court is justified in using the strong arm of the law by way of granting the writ." *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 161, 228 N.E.2d 631 at 162.

{¶ 28} Civ.R. 56(C) provides that before summary judgment is granted to a party, it must be demonstrated: (1) there exists no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 1994-Ohio-130, 639 N.E.2d 1189; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶ 29} Finally, it is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for the trier of fact. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct 2548, 91 L.Ed.2d 265; *Mitseff v. Wheller* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. Any doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d 138.

{¶ 30} As stated previously, Cavanagh bears the burden of establishing she possesses a clear legal right that allows for promotion to the classified position of APA, the City possesses a clear legal duty that requires the

promotion of Cavanagh to the classified position of APA, and there exists no other adequate remedy in the ordinary course of the law. Cavanagh's attempt to establish her legal right to promotion and the duty of the City to order her promotion is premised upon five arguments as raised through her complaint for mandamus and motion for summary judgment: (1) when the classified position of APA was vacated in June 2007, the Rules of the Cleveland Civil Service Commission required Cavanagh's promotion to the vacant classified position; (2) Cavanagh, after assuming the duties of APA, became a temporary appointee per Cleveland Civil Service Commission Rules 6.70 et seq., which required her promotion to the vacant classified position of APA; (3) Cavanagh has performed all of the duties of APA since June 1, 2007, is properly qualified and certified for the classified position, and is thus entitled to a promotion with attendant salary increase; (4) Cavanagh is entitled to a promotion to the classified position of APA under § 131-1 of the Cleveland City Charter; and (5) the City has acted in bad faith, which requires Cavanagh's promotion to the classified position of APA. Cavanagh, however, has failed to establish that she possesses a clear legal right to a promotion to the classified position of APA or that the City possesses any clear legal duty to promote Cavanagh.

**{¶ 31}** The sworn affidavits filed by the City, as attached to its motion for summary judgment and response to Cavanagh's motion for summary judgment, establish the following:

**{¶ 32}** '(A) Affidavit of Munday Workman as executed on March 24, 2011:

— The affiant is currently employed by the City as the Supervisor of Civil Service Records, ¶ 1.

— Cavanagh was made a classified employee in the classification of JPA in December 2005, ¶ 3.

— Cavanagh was made "regular" in the classification of JPA in November 2006, and has remained "regular" in the classification through the present, ¶ 4.

— The Cleveland civil service records do not show that a request for the reclassification of Cavanagh or a denial of a reclassification request was ever received or considered by the Cleveland Civil Service Commission, ¶ 6.

— The Cleveland civil service records do not reflect that Cavanagh was ever appointed as a temporary in the classified position of APA, ¶ 7.

— The Cleveland civil service records do reflect that Cavanagh tested for the classification of APA and that an eligibility list, which contained her name as one of three persons on the eligibility list, was certified on or about May 19, 2008, ¶ 8.

— No appointment, either "temporary" or "regular" has been made to the open classified position of APA, ¶ 9.

**{¶ 33}** (B) Affidavit of Nycole West as executed on March 24, 2011:

— The affiant is currently employed by the City as the Labor Relations Manager, ¶ 1.

'— Cavanagh is classified as a JPA in the Personnel Department of the Cleveland Hopkins International Airport, ¶ 4.

'— Cavanagh's position as a JPA is a classified non-union position that is not covered by the terms of any collective bargaining agreement, ¶ 4.

'— Because Cavanagh is employed in a non-union position, the terms and conditions of her employment are controlled by the City Charter, City Ordinances, Cleveland Civil Service Rules, and City employment practices, ¶ 5.

**{¶ 34}** (C) Affidavit of Jeanette Saunders Willis as executed on March 24, 2011:

— The affiant is employed by the City, Dept. of Port Control, as the Administration Bureau Manager, ¶ 1.

— Part of affiant's duties includes making requests for additional personnel and personnel changes for Dept. of Port Control employees, ¶ 2.

— Cavanagh has worked in the Dept. of Port Control since June 2006, ¶ 3.

— Cavanagh's civil service classification, while employed at the Dept. of Port Control, has always been a JPA, ¶ 4.

— In May of 2006, Cavanagh received a pay adjustment of a 5% increase to her normal rate of pay, ¶ 5.

— Cavanagh continued to receive the 5% pay increase from May of 2006 to January 2010, ¶ 6.

— In December 2009, the 5% pay increase for Cavanagh, a non-union classified employee, was eliminated, ¶ 6.

— In June 2007, Loretta Pawul retired from the position of APA, ¶ 7.

— The former duties of Loretta Pawul were reassigned to Madeline Corchado, Lisa Bell, and Cavanagh, ¶ 7.

— Cavanagh did not receive any pay increase for assuming some of the duties as previously discharged by Loretta Pawul, ¶ 8.

— In November 2007, Cavanagh made a request to be reclassified as an APA, ¶ 9.

— Cavanagh's request for reclassification as an APA was denied, ¶ 9.

— The position of APA has not been filled since Loretta Pawul retired in June of 2007, ¶ 12.

— There are no current postings for the classified position of APA, ¶ 12.

**{¶ 35}** (D) Affidavit of Lucille Ambroz as executed on March 25, 2011:

— Affiant is employed by the City as Secretary of the Cleveland Civil Service Commission, ¶ 1.

— Cavanagh was certified as one of three persons eligible to be appointed from an eligibility list for the classification of APA on May 19, 2008, ¶ 3.

— The appointing authority did not make an appointment to the open classified position of APA, ¶ 3.

— Amended Charter § 131-1 made "regular" any employee that had been temporarily appointed to a position and was untested for the position, ¶ 5.

— A temporary employee was not qualified under Amended Charter § 131-1 to be made regular unless the temporary employee had been appointed to the position for more than 90 days before August 6, 2008, ¶ 6.

— Cavanagh was not an appointee to the classified position of APA and had been tested for the position of APA, ¶ 7.

— Cavanagh, since being tested for the classified position of APA, did not qualify for the grandfather provision of Amended Charter § 131-1, ¶ 7.

**{¶ 36}** (E) Affidavit of Lucille Ambroz as executed on April 11, 2011:

— Affiant is employed by the City as Secretary of the Cleveland Civil Service Commission, ¶ 1.

— Cavanagh was certified as one of three persons eligible to be appointed from an eligibility list for the classified position of APA, ¶ 4.

— The eligibility list that contained Cavanagh's name was certified by the Cleveland Civil Service Commission on May 19, 2008, ¶ 4.

— The appointing authority did not make an appointment to the open classified position of APA, ¶ 4.

{¶ 37} (F) Affidavit of Jeanette Sauders Willis as executed on April 12, 2011:

— Affiant is employed by the City, Dept. of Port Control, as Administration Bureau Manager, ¶ 1.

— The affiant's duties include making requests for additional personnel and for personnel changes for the Dept. of Port Control, ¶ 2.

— Cavanagh did not assume all of the duties and responsibilities of Loretta Pawul after her retirement from the classified position of APA, ¶ 6.

— The duties of Loretta Pawul, after her retirement from the classified position of APA, were divided among four employees: (1) Madeline Corchado; (2) Lisa Bell; (3) Cedric Johns, and (4) Cavanagh, ¶ 6.

— The duties of Loretta Pawul, after her retirement from the classified position of APA, were assigned in the following manner: (1) all payroll activities for airport fire and rescue were assigned to Lisa Bell; (2) recruitment interviews were conducted by Madeline Corchado; (3) processing of new hire assigned to Madeline Corchado; (4) receiving and processing all union grievances assigned to Cedric Johns; (5) seasonal recruitment assigned to Cavanagh; (6) participation in personnel related meetings assigned to Madeline Corchado and Cedric Johns; (7) benefits liaison/email distribution of benefit information to Dept. of Port Control employees assigned to Cavanagh; (8) processing of regulatory "PIDs" assigned to Madeline Corchado and Lisa Bell; (9) ordering and monitoring inventory assigned to Lisa Bell; and (10) obtaining escort passes for visitors, processing authorized signature paperwork and processing personnel transactions assigned to all personnel staff members of the Dept. of Port Control, ¶ 7.

{¶ 38} The sworn affidavits and exhibits, as attached to the City's motion for summary judgment and brief in opposition to Cavanagh's motion for summary judgment, demonstrate, inter alia, that (1) Cavanagh assumed some of duties of the classified position of APA upon the retirement of Loretta Pawul; (2) Cavanagh was not named as a temporary appointee to the classified position of APA; (3) Cavanagh was never reclassified from the classified

position of JPA to APA; (4) Cavanagh is currently classified as a JPA; (5) Cavanagh has always been classified as a JPA; and (6) since the retirement of Loretta Pawul, the classified position of APA has not been filled nor has any posting, to fill the classified position of APA, been made by the City.

{¶ 39} Cavanagh has attempted to establish her right to promotion to the classified position of APA and the City's duty to promote Cavanagh through her motion for summary judgment and the brief in opposition to the City's motion for summary judgment. However, other than her own two affidavits, Cavanagh has not submitted any other evidence to demonstrate the existence of a genuine issue of material fact as to her right to promotion and any duty on the part of the City to promote Cavanagh to the classification of APA. Cavanagh has failed to submit any other affidavits that establish her claim for mandamus, and the various documents attached to her complaint, the brief in opposition to the City's motion for summary judgment, and her own motion for summary judgment do not demonstrate the requisite right or duty. *Lansky v. Ciaravino*, Cuyahoga App. No. 90073, 2008-Ohio-2666; *Shreves v. Meridia Health Sys.*, Cuyahoga App. No. 87611, 2006-Ohio-5724; *McPherson v. Goodyear Tire & Rubber Co.*, Summit App. No. 21499, 2003-Ohio-7190. Cavanagh, in her affidavits, simply argues that she is entitled to promotion to the classification of APA.

**{¶ 40}** Cavanagh has *failed* to establish: (1) when the position of APA was vacated in June 2007, that she was entitled to appointment to the vacancy; (2) Cavanagh assumed the duties of the classification of APA and that she became a temporary appointee as contemplated by Cleveland Civil Service Rules 6.70 et seq.; (3) Cavanagh has been continuously performing the duties of APA since June 2007; (4) Cavanagh is entitled to appointment to the classification of APA through the operation of § 131-1 of the Cleveland City Charter; and (5) the City acted in bad faith vis-a-vis the failure to promote Cavanagh to the classification of APA.

**{¶ 41}** Thus, we find that Cavanagh has failed to establish a clear legal right to be promoted to the classified position of APA or that the City possesses any clear legal duty to promote her to the classified position of APA. Cavanagh's request for a writ of mandamus, with regard to the claim for promotion and back pay, must be denied. *State ex rel. McGowan v. Cuyahoga Metro. Hous. Auth.* (1992), 63 Ohio St.3d 187, 586 N.E.2d 112; *State ex rel. Campbell v. Mun. Civ. Serv. Comm.* (1978), 53 Ohio St.2d 114, 372 N.E.2d 606; *State ex rel. Hamill v. Ohio State Univ.*, Franklin App. No. 08AP-968, 2009-Ohio-2153; *State v. Sykes* (Apr. 2, 1988), Franklin App. No. 83AP-591.

Request for Attorney Fees — Public Records Request

**{¶ 42}** Cavanagh, through the complaint for a writ of mandamus, also requests that this court award her attorney fees as a result of the failure of the

City to timely provide requested public records. Specifically, Cavanagh argues that her request for public records, as originally made through the written request of her attorney, was not provided in a timely manner, which mandates the award of attorney fees under R.C. 149.43(C)(2)(b).

{¶ 43} On September 7, 2010, the City received a public records request from Cavanagh's attorney. The public records request was for 18 separate items or categories: (1) complete personnel file of Cavanagh; (2) requests for reclassification of position prepared or submitted, between June 1, 2007 to the present, relating to Cavanagh, including any attachments or exhibits; (3) requests for promotion prepared or submitted, between June 1, 2007 and August 1, 2010, relating to Cavanagh, including any attachments or exhibits; (4) any document describing the classified position of JPA for the City, Dept. of Port Control, which includes the job description, qualifications, and pay rate; (5) any document describing the classified position of APA for the City, Dept. of Port Control, which includes the job description, qualifications, and pay rate; (6) all job descriptions in effect at any time during the years 2007, 2008, 2009, and 2010 for the City, Dept. of Port Control, GL Group No. 6, PC Administration; (7) all proposed job descriptions concerning proposals to reclassify positions in the City, Dept. of Port Control, GL Group No. 6, PC Administration produced or disseminated in the year 2010; (8) pay records of Cavanagh for the period of December 1, 2005, to the present; (9) all plus

adjustment requests made on behalf of Cavanagh during the years 2007 through 2010; (10) any document defining the procedure for authorizing biweekly pay requests for employees in the City, Dept. of Port Control, GL Group No. 6, PC Administration, produced or disseminated in the years 2007 through 2010; (11) all Civil Service Eligibility Lists in effect during the years 2007, 2008, 2009, and 2010, for positions in the City, Dept. of Port Control GL Group 6, PC Administration; (12) all Certificates of Original Appointment from the Civil Service Commission of the City for the classified position of APA issued during the years of 2007, 2008, 2009, and 2010; (13) all recruitment justifications submitted by Ricky Smith on behalf of the City, Dept. of Port Control, for the period of 2007 through 2010; (14) all correspondence, written or electronic, made in response to any recruitment justifications submitted by Ricky Smith on behalf of the City, Dept. of Port Control, for the period of 2007 through 2010; (15) all documents created, sent, or received by Ricky Smith, between 2007 and 2010, that refer to or relate to Cavanagh; (16) all documents created, sent, or received by Susan Rudman, between 2007 and 2010, that refer to or relate to Cavanagh; (17) all documents created, sent, or received by Trudy Hutchinson, between 2007 and 2010, that refer to or relate to Cavanagh; and (18) all documents created, sent, or received by Eleanne Young, between 2007 and 2010, that refer to or relate to Cavanagh.

**{¶ 44}** On November 3, 2010, the City responded to the public records request, via email, and indicated that 12 of the 18 public records requests, that consisted of 538 pages, were available for "pick-up" upon payment of the copying charge of $26.90. The requested documents not available on November 3, 2010, involved items 11, 14, 15, 16, 17, and 18. Item 11, which consisted of civil service eligibility lists, was not provided because they were not maintained based upon a specific department as requested by Cavanagh. The City indicated that with regard to item 11, lists of specific classifications would be provided upon a refined request. No such refined request, with regard to item 11, was made by Cavanagh. On December 16, 2010, documents with regard to items 14, 15, 16, 17, and 18 were provided to Cavanagh.

**{¶ 45}** Cavanagh is not entitled to attorney fees because the City, on the whole, acted "appropriately" and provided the majority of the requested public records within a reasonable period of time in response to the voluminous request for public records. The City provided Cavanagh with 12 of the requested items prior to the filing of the complaint for a writ of mandamus. The balance of the requested public records were delayed because their retrieval and production necessitated the need to locate and copy archived email files attributed to three retired persons, Eleanne Young, Susan Rudman, and Trudy Hutchinson. *State ex rel. Mahajan v. State Med. Bd. of*

*Ohio*, 127 Ohio St.3d 497, 2010-Ohio-5995, 940 N.E.2d 1280; *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913; *State ex rel. Nix v. Cleveland*, 83 Ohio St.3d 379, 1998-Ohio-290, 700 N.E.2d 12. See, also, *State ex rel. Striker v. Smith*, Ohio Supreme Court Slip Opinion No. 2011-Ohio-2878.

**{¶ 46}** In addition, Cavanagh has failed to establish the existence of a sufficient public benefit with regard to her request for public records. *State ex rel. Mahajan v. State Med. Bd. of Ohio*, supra; *State ex rel. Cranford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218. All of the records provided by the City were "beneficial" only to Cavanagh in an attempt to establish her claim for mandamus. See *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 47, quoting *State ex rel. Wadd v. Cleveland* (1998), 81 Ohio St.3d 50, 54, 689 N.E.2d 15 ("In exercising discretion in this [attorney-fee] determination, 'courts consider the reasonableness of the government's failure to comply with the public records request and the degree to which the public will benefit from release of the records in question'"). Herein, we can only find that the degree of public benefit was minimal at best, since the request for public records was clearly employed in place of discovery in an attempt to establish Cavanagh's claim for mandamus. *State ex rel. Cranford v. Cleveland*, supra. Thus, we decline to award attorney fees to Cavanagh as based upon her request for public records

per R.C. 149.43.   Cf., *Rhodes v. New Philadelphia*, Ohio Supreme Court Slip Opinion No. 2011-Ohio-3279.

{¶ 47} Accordingly, we grant the City's motion for summary judgment and deny Cavanagh's motion for summary judgment.   Costs to Cavanagh.   It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Writ denied.


SEAN C. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
LARRY A. JONES, J., CONCUR