[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 194.]

THE STATE EX REL. REYNA, APPELLANT, *v.* NATALUCCI-PERSICHETTI,
DIRECTOR, APPELLEE.

[Cite as *State ex rel. Reyna v. Natalucci-Persichetti*, 1998-Ohio-129.]

*Mandamus to compel Ohio Department of Youth Services to correct relator's*
*employment records by crediting him for his previous employment with the*
*state's political subdivisions, to grant him longevity pay, a monetary sum in*
*lieu of accrued, unused vacation credit, and costs—Court of appeals does*
*not commit error by issuing a limited writ of mandamus and by not granting*
*all of the relief requested by relator, when.*

(No. 98-45—Submitted July 8, 1998—Decided September 23, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD03-350.

_____

{¶ 1} The Ohio Department of Youth Services ("DYS") employed appellant, Don W. Reyna, from December 1989 to March 1996. When DYS hired Reyna, it credited him with two years, two hundred eighty-seven days of prior public service based on the Department of Administrative Services' ("DAS's") computerized printout of Reyna's employment history with the state. DYS did not credit Reyna for his previous employment with the state's political subdivisions, including his employment with Franklin County. According to Reyna, when he was hired by DYS, he raised the issue of service credit for computing his vacation leave, but a DYS employee advised Reyna that he would not receive credit for his prior county employment. In March 1996, Reyna transferred to the Department of Rehabilitation and Correction and learned that DYS had erroneously failed to credit him with the correct amount of prior service.

{¶ 2} In 1997, Reyna filed a complaint in the Court of Appeals for Franklin County. He requested a writ of mandamus to compel appellee, DYS Director Geno

Natalucci-Persichetti, to correct Reyna's employment records by crediting him with thirteen years, two hundred eighteen days of additional prior service, pay Reyna $25,219.20 for salary and vacation he was denied because Natalucci-Persichetti failed to credit him with all of his prior service, and award him interest and costs. Natalucci-Persichetti filed an answer, and the parties submitted evidence and briefs. Reyna introduced no evidence or argument that he would have elected to be paid for his accrued and unused vacation leave under the applicable version of R.C. 124.134[1] either when he was hired by DYS or when he transferred to another state agency in 1996. Reyna also did not introduce any evidence that his vacation leave exceeded the three-year accrual maximum specified in that statute.

**{¶ 3}** The court of appeals granted a writ of mandamus to compel Natalucci-Persichetti to credit Reyna with an additional 14.08 years of service that DYS had failed to credit Reyna when he was hired in December 1989. The court of appeals, however, denied Reyna's requests for longevity pay, for a monetary sum in lieu of vacation credit, and for interest. The court of appeals also refused to award Reyna his costs.

**{¶ 4}** This cause is now before the court upon an appeal as of right.

––––––––––––––––––––

*Blaugrund, Herbert & Martin, Inc.*, and *John W. Herbert*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Winston M. Ford*, Assistant Attorney General, for appellee.

––––––––––––––––––––

***Per Curiam.***

**{¶ 5}** Reyna asserts in his propositions of law that the court of appeals erred in failing to grant him longevity pay, a monetary sum in lieu of accrued, unused

––––––––––––––––––––

1. 142 Ohio Laws, Part II, 2570-2571.

vacation credit, and costs. For the reasons that follow, we hold Reyna's contentions to be meritless and affirm the judgment of the court of appeals.

{¶ 6} Reyna contends in his first proposition of law that the court of appeals erred in denying longevity pay to which he is entitled pursuant to former R.C. 124.181.

{¶ 7} Former R.C. 124.181, in effect at the time DYS hired Reyna, provided:

"(A) Except as provided in division (M) of this section, *any employee* paid under schedule A or B of section 124.15 or under schedule E-1 of section 124.152 of the Revised Code *is eligible for the pay supplements provided herein upon application by the appointing authority substantiating the employee's qualifications for the supplement and with the approval of the director of administrative services except as provided in division (E) of this section.*

" * * *

"(D) *The director shall, by rule, establish standards regarding the administration of this section.*

"(E) Except as otherwise provided in this division, *beginning on the first day of the pay period within which the employee completes five years of total service with the state government or any of its political subdivisions, each employee* in positions paid under salary schedules A and B of section 124.15 or under salary schedule E-1 of section 124.152 of the Revised Code *shall receive an automatic salary adjustment equivalent to two and one-half per cent of the classification salary base*, to the nearest whole cent. *Each employee shall receive thereafter an annual adjustment equivalent to one-half of one per cent of his classification salary base*, to the nearest whole cent, for each additional year of qualified employment until a maximum of ten per cent of the employee's classification salary base is reached. The granting of longevity adjustments shall not be affected by promotion, demotion, or other changes in classification held by the employee, nor by any

change in pay range for his class. Longevity pay adjustments shall become effective at the beginning of the pay period within which the employee completes the necessary length of service. Time spent on authorized leave of absence shall be counted for this purpose. * * *" (Emphasis added.) (143 Ohio Laws, Part IV, 5702-5703.)

{¶ 8} Former Ohio Adm.Code 123:1-37-03, effective at the time Reyna was hired by DYS, provided:

"*Those employees who have completed a minimum of five years of total service with the state or any of its political subdivisions shall receive the longevity pay supplement* which shall be a percentage equal to one-half of one percent for each year of such service. *This percentage shall be an automatic pay supplement administered by the Department of Administrative Services*, and shall be applicable to the entire pay period in which that date occurs. A maximum accumulation of ten percent shall be applicable after twenty years of total service." (Emphasis added.)

{¶ 9} As the court of appeals correctly held, the foregoing provisions required DAS to administer the longevity pay supplements provided by former R.C. 124.181(E). Reyna argues that the "except as provided in division (E) of this section" clause in former R.C. 124.181(A) obviated the necessity of a formal application and approval of the Director of Administrative Services before receipt of longevity pay. But former R.C. 124.181(D) specifically authorized the Director of Administrative Services to promulgate rules establishing standards regarding administration of the R.C. 124.181 pay supplements, including the longevity pay provisions of former R.C. 124.181(E). Pursuant to this authority, the director issued Ohio Adm.Code 123:1-37-03, which vests DAS with the duty to administer longevity pay supplements.

{¶ 10} Our conclusion comports with the plain language of former R.C. 124.181, which did not, as Reyna asserts, specify that the appointing authority administer the automatic longevity pay supplement. The paramount consideration

in construing statutes is legislative intent, which is determined by reviewing the statutory language. *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 227, 685 N.E.2d 754, 758. The language of former R.C. 124.181 indicates the intent of the General Assembly to bestow the authority to administer pay supplements on DAS.

{¶ 11} In addition, former Ohio Adm.Code 123:1-37-03 does not conflict with former R.C. 124.181. Instead, the rule was promulgated pursuant to the statute and was reasonable and consistent with the statute's provisions. *State ex rel. Celebrezze v. Natl. Lime & Stone Co.* (1994), 68 Ohio St.3d 377, 382, 627 N.E.2d 538, 542 ("[A]n administrative rule that is issued pursuant to statutory authority has the force of law unless it is unreasonable or conflicts with a statute covering the same subject matter.").

{¶ 12} Therefore, the court of appeals did not err in denying Reyna's claim for longevity pay because he failed to join DAS as a respondent in his mandamus action.

{¶ 13} Reyna asserts in his second proposition of law that the court of appeals erred by awarding him vacation credit instead of a monetary sum for his accrued, unused vacation leave because of his right under R.C. 124.134(C) to liquidate this leave when he transferred to the Department of Rehabilitation and Correction from DYS in March 1996. R.C. 124.134(C) provides that "[i]n case of transfer of an employee from one state agency to another, the employee may elect to be compensated at the employee's current rate of pay for accrued and unused vacation leave at the time of transfer by the releasing agency or to retain the accrued and unused vacation leave."

{¶ 14} For the reasons that follow, however, Reyna's second proposition of law lacks merit.

{¶ 15} First, Reyna waived this issue by not claiming entitlement to the monetary amount in lieu of vacation credit by virtue of the R.C. 124.134(C) election

provision in the court of appeals. See *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 81, 679 N.E.2d 706, 709, quoting *Goldberg v. Indus. Comm.* (1936), 131 Ohio St. 399, 404, 6 O.O. 108, 110, 3 N.E.2d 364, 367. By not raising this issue below, Reyna denied Natalucci-Persichetti a meaningful opportunity to respond to the issue by presenting evidence and argument in the court of appeals. *Id.*

{¶ 16} Second, Reyna introduced no evidence that he would have elected to cash out his accrued, unused vacation credit either when he transferred to DYS or when he transferred to the Department of Rehabilitation and Correction. In fact, Reyna testified in his deposition that he was concerned about DYS properly crediting his prior public service for purposes of vacation leave; he did not testify that he wanted to liquidate such credit at that time.

{¶ 17} Third, Reyna did not establish the monetary amount of his accrued, unused vacation credit with certainty, which precludes extraordinary relief in mandamus. *State ex rel. Guerrero v. Ferguson* (1981), 68 Ohio St.2d 6, 22 O.O.3d 98, 427 N.E.2d 515; see *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 21 O.O.3d 228, 423 N.E.2d 1099. Reyna merely contends on appeal that his vacation credit is for approximately four hundred to five hundred hours of leave; he does not claim that the evidence presented in the court of appeals established a sum with the requisite certainty.[2]

{¶ 18} Therefore, Reyna did not prove that the court of appeals erred by awarding vacation credit rather than a monetary amount. Cf. *State ex rel. Yudofsky v. Cincinnati* (1992), 81 Ohio App.3d 781, 783-784, 612 N.E.2d 390, 392 (Mandamus lies to compel respondents to compensate relator for his vacation leave

---

2. For example, in Reyna's appellate brief, he states:

"Prior to initiating this litigation, counsel attempted to estimate the amount of vacation leave Reyna was denied and believes he is owed 400 to 500 hours of leave. Depending upon Reyna's leave balance when the additional time is added, this much leave could easily push Reyna's balance over 600 hours."

but, in the absence of applicable law or ordinance, the manner or form of compensation is within the discretion of respondents.). Reyna did not introduce any evidence that he lost any vacation credit by exceeding the three-year accrual amount in R.C. 124.134(B).[3]

{¶ 19} In his third proposition of law, Reyna asserts that the court of appeals erred in failing to award him costs under Civ.R. 54(D). Civ.R. 54(D) grants trial courts discretion to order that the prevailing party bear all or part of his or her own costs. *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156.

{¶ 20} The court of appeals did not abuse its discretion in refusing to award Reyna the costs of his mandamus action. Denying costs to both parties can be appropriate when neither party entirely prevails. See, generally, 10 Wright, Miller & Kane, Federal Practice & Procedure (1998) 241-242, Section 2668, and *Gooden v. Neal* (C.A.7, 1994), 17 F.3d 925, 935, construing the similarly worded Fed.R.Civ.P. 54(d). While Reyna was partially successful in his mandamus action, Natalucci-Persichetti prevailed on Reyna's claims for longevity pay and liquidation of his accrued, unused vacation credit. The court of appeals' refusal to award costs to Reyna does not demonstrate an unreasonable, arbitrary, or unconscionable attitude. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249, 673 N.E.2d 1281, 1283.

{¶ 21} Based on the foregoing, the court of appeals did not commit any error by issuing a limited writ of mandamus and not granting all of the relief requested by Reyna. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

---

3. R.C. 124.134(B) provides:

"Except as otherwise provided in this section, employees granted leave under this section shall forfeit their right to take or to be paid for any vacation leave to their credit which is in excess of the accrual for three years. Such excess leave shall be eliminated from the employees' leave balance. * * *"

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____