JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Bernice Brown, challenges various rulings made by the trial court in favor of the appellee, Dorothy Boozer-Young, regarding matters involving the estate of Franklin E. Boozer, deceased. After reviewing the arguments of the parties and the applicable law, we affirm.
 {¶ 2} Bernice Brown, executrix of the estate of Franklin E. Boozer ("appellant"), commenced a concealment action in probate court against Dorothy Boozer-Young ("appellee"), pursuant to R.C. 2109.50-52, in which she alleged that the appellee concealed financial assets that belonged to the estate. A jury trial commenced on October 28, 2003, wherein the appellant challenged the transfer of funds to the appellee and sought to recover those funds for the estate. The appellant argued that the transfer of funds from the decedent to the appellee was a product of undue influence and, as a result, the funds should be returned to the estate. After hearing the evidence presented on behalf of the appellant, the probate court directed a verdict for the appellee and instructed the jury accordingly.
 {¶ 3} In 2005, the court sua sponte taxed the costs of the concealment action as costs for the estate, and ordered appellant to pay the costs from the estate.
 {¶ 4} Franklin E. Boozer ("the decedent") died on April 7, 2000. His wife predeceased him, and there were no children born of their marriage. However, the decedent was survived by his daughter and executor, Bernice Brown, and his sister, Dorothy Boozer-Young. The decedent had been suffering from prostate cancer at the time of his death and primarily lived alone, with the exception of the care given to him by the appellee during his illness. On January 10, 2000, three months prior to his death, the appellee accompanied the decedent to National City Bank and Vantage Federal Credit Union, where the decedent transferred $131,000 from his National City Bank account and $113,000 from his Vantage Credit Union account to the appellee. The appellant subsequently challenged the transfer of these funds to the appellee and sought to recover these funds for the estate, arguing that the transfer was made under undue influence.
 {¶ 5} The appellant brings this appeal asserting seven assignments of error for our review;[1] however, since assignments of error I, II, III, IV, V and VII relate to the trial held in 2003, they are barred by res judicata. Therefore, we will address only assignment of error VI.
 {¶ 6} In the appellant's sixth assignment of error, she argues that the trial court erred when it taxed the estate of Franklin E. Boozer for costs associated with the concealment trial initiated against the appellee. R.C. 2109.50 governs concealment and embezzlement proceedings and states in pertinent part:
 {¶ 7} "All costs of such proceedings * * * shall be assessed against and paid by the party making the complaint."
 {¶ 8} It is clear from the language of R.C. 2109.50 that taxing costs to the Boozer estate was appropriate. The appellant initiated the concealment action against the appellee and, pursuant to R.C. 2109.50, the appellant is responsible for costs incurred as a result of the proceeding.
 {¶ 9} Civ.R. 54(D), which governs the court's ability to tax costs, provides additional support and states in pertinent part:
 {¶ 10} "Except when express provision therefore is made either in statute or in these rules costs shall be allowed to the prevailing party unless the court otherwise directs."
 {¶ 11} Under Civ.R. 54(D), the trial court is given discretion to award court costs to the prevailing party. State ex rel. Reyna v.Natalucci-Persichetti, 83 Ohio St.3d 194, 198, 1998-Ohio-129,699 N.E.2d 76, citing Vance v. Rodersheimer, 64 Ohio St.3d 552, 555,1992-Ohio-89, 597 N.E.2d 153. Where the court is given discretion to act, the court commits error only if it has abused that discretion.
 {¶ 12} To constitute an abuse of discretion, the ruling of the trial court must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984), 15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959), 355 Mich. 382, 384-385. In order to constitute an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 13} In the case at bar, it is clear that the trial court did not abuse its discretion in awarding costs to the appellee; the appellee was the prevailing party. Pursuant to R.C. 2109.50 and Civ.R. 54(D), the court was not in error when it exercised its discretion to award costs to the appellee and, in turn, tax the estate for those costs. The court's actions were neither unreasonable, arbitrary nor unconscionable. Thus, the appellant's single assignment of error is without merit, and we affirm the holding of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, probate division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Kilbane, J., concur.
 APPENDIX A
Appellant's seven assignments of error:
"I. THE PROBATE COURT ERRED IN RULING THAT NO ACTION COULD BE BROUGHT UNDER O.R.C. 2109.50 et seg. FOR PROPERTY TRANSFERRED BY DECEDENT PRIOR TO HIS DEATH."
"II. THE PROBATE COURT ERRED WHEN IT FOUND THAT PLAINTIFF LACKED PROOF OF CONCEALMENT."
"III. THE PROBATE COURT ERRED WHEN IT FAILED TO CONDUCT AN O.R.C. 2109.50
INQUISITION, BUT RATHER CONDUCTED AN ADVERSARIAL PROCEEDING CONTRARY TO THE CONCEALMENT STATUTE.
"IV. THE PROBATE COURT ERRED WHEN IT DIRECTED THE VERDICT PRIOR TO THE CLOSE OF THE PLAINTIFF'S CASE IN CHIEF."
"V. THE DIRECTED VERDICT WAS ERROR PURSUANT TO O.R.C. 2109.52 REQUIRING A VERDICT BY THE JURY, UPON EITHER PARTIES REQUIREMENT."
"VI. THE PROBATE COURT ERRED WHEN IT TAXED THE ESTATE OF FRANKLIN BOOZER THE COSTS OF THE CONCEALMENT TRIAL."
"VII. THE DIRECTED VERDICT WAS ERROR AS THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO FIND DEFENDANT GUILTY OF CONCEALMENT OF ASSETS."
[1] Appellant's seven assignments of error are included in Appendix A to this opinion.