OPINION
{¶ 1} Plaintiffs Louis and Patty Sue Jarratt appeal a judgment of the Court of Common Pleas of Ashland County, Ohio, which ordered them to pay court costs including jury fees and the cost of the court stenographer. Appellants assign two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN TAXING JURY FEES AS COURT COSTS AGAINST THE PLAINTIFFS-APPELLANTS SINCE PLAINTIFFS-APPELLANTS DEMONSTRATED THAT THE PAYMENT OF JURY FEES WOULD CAUSE THEM SIGNIFICANT FINANCIAL HARDSHIP.
 {¶ 3} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN TAXING JURY FEES AS COURT COSTS AGAINST THE PLAINTIFFS-APPELLANTS, SINCE THE PAYMENT OF JURY FEES WOULD NOT BE IN THE INTEREST OF JUSTICE."
 {¶ 4} The record indicates appellants purchased a home from defendants-appellees James and Shirley Dickinson. The appellants alleged they discovered water in the basement after they took possession of the home. Appellants brought suit alleging breach of contract and fraud.
 {¶ 5} The matter was tried to a jury, which rendered the defense verdict. On August 2, 2005, the court entered judgment on the verdict, and ordered appellants to pay all costs, including but not limited to juror fees and the cost of the court stenographer. Appellants moved to amend this entry asking the court to relieve them of responsibility for paying juror fees and the costs of the court stenographer.
 {¶ 6} The court found the motion was not well taken. The court specifically found it had discussed with the parties the financial consequences of a jury trial, including the cost of a court stenographer, at the pre-trial. The court inquired whether the parties were interested in waiving a jury trial and trying the case to the bench. The court found the defendants-appellees were willing to waive their right to a jury, but counsel for the plaintiffs informed the court plaintiff-appellants desired a jury trial. The court concluded while it may be financially difficult for the appellants to pay, it was their decision to risk incurring the expense.
 {¶ 7} Appellants appealed the original entry and the judgment entry on the motion to amend, and this court consolidated the appeals because they deal with the same issue.
 I II {¶ 8} Attached to appellants' motion to amend the judgment entry was the affidavit of appellant Louis Jarratt. In the affidavit, appellant alleged he and his wife had to pay approximately $9,000 to repair and waterproof the basement floor and walls of the home they purchased from appellee. Appellant alleged they could not afford the repairs, and they were experiencing further financial hardships.
 {¶ 9} Appellant alleged he is 52 years of age and raised two daughters from his first marriage. He and his current wife, appellant Patty Sue Jarratt, are raising her two sons from her prior marriage. In 2004, appellant left a career in management to pursue a life of ministry. Appellant alleges they sold their home in Strongsville, Ohio, and pooled their resources in order to support their family, move to Ashland, and pay for his education at Ashland Theological Seminary.
 {¶ 10} Appellant alleged he had no income and his wife is employed but makes only $8.00 per hour. The parties have no health insurance. Appellant alleges what few assets they have are spent on tuition and living expenses, and they hope to have enough money for appellant to finish his studies and received his theology degree in 2007.
 {¶ 11} Appellant's affidavit also indicates his trial attorney took the case on the contingency fee basis and paid all the litigation expenses for appellants. Appellants' appellate attorney accepted this case on pro bono basis, and appellant alleges they cannot afford to pay him.
 {¶ 12} The court costs totaled $1226.90, including jury fees of $855.00. Appellant allege the parties do not have the money to pay these costs and if they must do so, it will cause significant financial hardship.
 {¶ 13} The record also contains a copy of the real estate purchase agreement the parties executed. It indicates appellants paid cash for the home. The agreement was contingent on appellants "getting money out of 401K."
 {¶ 14} R.C. 2335.28 provides in pertinent part: "* * * In any civil action in a court of common pleas in which a jury is sworn, the fees of the jurors sworn shall be taxed as costs unless the court determines that the payment of the fees by a party against whom they are proposed to be taxed would cause significant financial hardship to that party or would not be in the interest of just."
 {¶ 15} Civ. R. 54 (D) provides: "Except when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs.
 {¶ 16} In State ex rel. Reyna v. Natalucci-Persichetti
(1998), 83 Ohio St. 3d 194, 699 N.E. 2d 76, the Ohio Supreme Court found Civ. R. 54 grants the trial court discretion to tax court costs to the losing party. The court may also deny costs to both parties if neither party prevails in the action, Id. InVance v. Roedersheimer (1992), 64 Ohio St. 3d 552,597 N.E. 2d 153, the Ohio Supreme Court found a trial court's discretion does not include the power to tax costs to a prevailing party.
 {¶ 17} We review this judgment using the abuse of discretion standard. The Supreme Court has repeatedly held the term abuse of discretion "* * * implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *" Blakemore v.Blakemore (1983), 5 Ohio St. 3d 217, 450 N.E. 2d 1140.
 {¶ 18} The trial court cannot require appellees to pay the court costs, so if appellants do not, the county must absorb them. The trial court conducted a two-day trial on the merits of this action, amd had the opportunity to observe and evaluate the parties. We also note pursuant to appellant Louis Jarratt's affidavit, the parties have incurred little or no expense in pursuing this action and appeal.
 {¶ 19} Appellants also urge requiring them to pay jury fees is not in the interest of justice because it may have a chilling effect on ordinary persons' access to the courts.
 {¶ 20} The Ohio Legislature and the Ohio Supreme Court have both found it appropriate to tax the losing party with court costs, but permit the trial court to make an exception in the extraordinary case.
 {¶ 21} On the record before us, this court cannot find the trial court abused its discretion. Accordingly, both assignments of error are overruled.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs to appellants.