[Cite as *Pippin v. Sanderson*, 2020-Ohio-4551.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES PIPPIN, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant/Cross Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| ANDREW T. SANDERSON, et al., | : | Case No. 2020 CA 00013 |
| | : | |
| Defendant - Appellee/Cross Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County
Court of Common Pleas, Case No.
18 CV 142

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     September 21, 2020

APPEARANCES:

For Plaintiff-Appellant/Cross Appellee

JOSEPH S. TANN, JR.
Law Offices of Joseph S. Tann, Jr.
13047 Seward St., Ste. 100
Evanston, IL  60202-2128

For Defendants-Appellee/Cross Appellants

RICK E. MARSH
MONICA I. WALLER
Two Miranova Place, Ste. 220
Columbus, Ohio 43215

*Baldwin, J.*

{¶1}   Appellant, James Pippin, appeals the decisions of the Fairfield County Court of Common Pleas denying his motions for summary judgment and his request for costs and attorney fees as well as the court's grant of appellee's motion for directed verdict and charge of jury costs.  Appellees are Andrew Sanderson and Burkett and Sanderson, Inc.

## STATEMENT OF FACTS AND THE CASE

{¶2}   Pippin was indicted and convicted of drug related offenses in 2015 and, as part of those proceedings, the state confiscated a 2007 Chrysler 300, titled to Edward Russell G. McGillivray, but in the possession of Pippin. Appellant's claims are all related to this automobile

{¶3}    McGillivray purchased the automobile new in 2007, purportedly for the use of Pippin exclusively.  McGillivray passed away and, on September 18, 2013 the Franklin County Probate Court issued an order that the title to the vehicle was to be transferred to Pippin contingent upon his assuming responsibility for a lien in the amount of $14,000.00. Pippin claims that he continued to make the payments toward satisfaction of the lien, but admits that title to the automobile was never transferred.

{¶4}   Attorney Jason Price represented Pippin during his plea and sentencing. After Pippin's conviction Price filed motions requesting that the automobile be released to Pippin without charge of any storage fee. On November 25, 2015 the trial court issued an entry noting that the charges related to the confiscation of the automobile had been dismissed and that the court had ordered the car released to Pippin.  The court further found that Pippin could not be held responsible for any towing or storage fees for the vehicle.  The entry contains a confirmation that a copy was to be delivered to Attorney

Price, but Pippin contends he did not receive the entry and concedes that he did not claim the vehicle or arrange for another to claim it.

{¶5} A nunc pro tunc order was issued on June 10, 2016 noting that: "[s]ince this(sic) original order of November 25, 2015 neither the Defendant or any agent or appointee of the Defendant has made any effort to claim the following described vehicle from John's Wrecker & Parts. The Defendant shall have 10 days from the date of the filing of this Entry to remove the vehicle from the property of John's Wrecking and Parts. If not removed within this time frame, John's Wrecker & Parts may move the Court for issuance of title, as provided by law."

{¶6} The entry reflects that a copy was delivered to Pippin, but he denies receipt. The entry does not indicate that it was delivered to appellees.

{¶7} In May 2016 appellee, Andrew Sanderson, was appointed to represent Pippin in his bid to withdraw his guilty plea, purportedly based upon the discovery of the misdeeds of the arresting officers. Sanderson filed a motion to withdraw Pippin's guilty plea and Pippin was released, but had not yet recovered the automobile or other property that the state had in its possession.  Sanderson agreed to assist Pippin in his effort to recover the property, including the automobile as well as having the suspension on his driver's license lifted.  Sanderson was not aware of the trial court's prior entries releasing the vehicle to Pippin.

{¶8} On February 21, 2017, Sanderson filed a motion to vacate the court's order of forfeiture.  In April 2017, Pippin delivered a letter to the trial court requesting that the court issue an order granting attorney Price's motion to release the automobile and

Sanderson's motion to release other items, with a copy of the letter directed to Sanderson. Sanderson's motion to vacate the order of forfeiture was granted on June 22, 2017.

**{¶9}** While Sanderson was pursuing Pippin's release from prison, Walnut Trader filed a motion requesting that the title to the vehicle be transferred to it in accordance with the June 10, 2016 Order, and on January 19, 2017, that motion was granted. The copy of the motion in the record does not contain a certificate of service reflecting who was to receive a copy and the record does not contain any evidence that anyone other than Walnut Trader's counsel received the entry. Sanderson contends he did not receive the motion or the entry, but a January 5, 2017 email from the trial judge's assignment commissioner to Sanderson relayed a message from the judge regarding a motion for the transfer of the vehicle and indicated that the judge had given Sanderson a copy of the motion. Sanderson had no recollection of receiving that email, was unable to locate it in his office and contends that the judge would not have committed an ex parte communication with him by providing a copy of the motion.

**{¶10}** Pippin retained counsel and Sanderson delivered a copy of his office file to that attorney on February 27, 2017. On August 21, 2017 Pippin's new attorney notified Sanderson that he was pursuing a claim for legal malpractice that resulted in Pippin's loss of the 2007 Chrysler 300 and emotional distress related to that loss. The claim was rejected by Sanderson's insurer and a complaint was filed.

### COMPLAINT

**{¶11}** Pippin alleged that he entered into an attorney client relationship with Sanderson in April 2016 and that Sanderson's representation included seeking recovery of property confiscated by the state concomitant with his arrest. He claims that the trial

court had ordered the release of the automobile but that Sanderson failed to act on those orders. He concludes that Sanderson failed to exercise the knowledge, skill, and ability in a reasonably diligent, careful, and prudent manner causing damage to Pippin. He also contended that Sanderson's outrageous conduct caused Pippin severe mental anguish, anxiety and distress.

{¶12} Sanderson filed an answer denying any obligation to acquire the automobile for Pippin and that the court had ordered release of the vehicle to Pippin, but Pippin failed to comply with the order, causing his own damages. Sanderson filed a motion to dismiss the claims for intentional infliction of emotional distress and punitive damages that was ultimately denied.

{¶13} Both parties filed motions for summary judgment supported by affidavits and other materials. Both parties were subject to depositions and each deposition was filed with the court. In the intervening months between the filing of the summary judgment motions and the trial court's decision, the record is filled with motions and memoranda contesting discovery issues. Pippin filed five motions to compel appellees' response to various discovery requests and all but one was denied. Sanderson filed two motions for protective orders and both were denied. Sanderson filed one motion to compel payment of his expert's fees and that motion was granted. We limit our analysis to those motions relevant to appellant's assignment of error.

{¶14} On June 29, 2018, Pippin requested an order compelling Sanderson "to comply with Plaintiff's Rule 34 request for production of telephone records and correspondence from Defendants' malpractice insurance carrier." Pippin requested an award of attorney fees and costs, but included no evidence of the amount of fees or costs

in this motion. The trial court granted the motion and ordered that "[t]he Defendants shall within 14 days provide to the Plaintiff any and all letters written, prior to June 8, 2018, from Defendants' Counsel to Plaintiff's Counsel. The phone records of the Defendants, showing calls to or from phone number 614-893-9288 between May 1, 2016 and July 1, 2017 shall be provided within 21 days."  The court did not address the request for costs or attorney fees.

{¶15} On July 12, 2018, Pippin requested the opportunity to take the deposition of the claims adjuster for Sanderson's malpractice insurer and Sanderson filed a motion for a protective order.  The trial court found the motion to be premature and for that reason denied the same.

{¶16} Sanderson filed a motion for a protective order on August 10, 2018 contending that Plaintiff's Fourth Discovery Request to Defendant Andrew T. Sanderson, Esq. and Plaintiff's Second Discovery Request to Defendant Burkett & Sanderson, Inc. were designed to increase the costs of litigation, that Sanderson had provided a copy of his entire file, and that the inquiries would not reveal any admissible evidence or witnesses, and that they should not be required to respond. Pippin opposed the motion and requested that he be awarded costs. The motion was denied, but the trial court did not address the request for expenses.

{¶17} Pippin filed a motion to compel and for costs requesting that Defendants Andrew Sanderson and Burkett & Sanderson, Inc. be ordered to comply with Plaintiffs fourth and second discovery requests respectively; and that the court award costs to Plaintiff as a consequence of the denial of Defendants' August 10, 2018 request for an order protecting Defendants from Plaintiff's discovery requests. For the first time, Pippin

included a specific amount of attorney fees and costs sought by the motion. That motion was denied and Pippin filed a Motion for Reconsideration of that denial on November 5, 2018. The trial court denied the motion for reconsideration finding that "[t]o date, this Court finds that the actions of the Defense do not require Rule 37 sanctions. This Court finds that Defendants' failure to comply was substantially justified, or that other circumstances would make an award (of costs), (sic) unjust."

{¶18} The trial court denied both parties' motions for summary judgment finding that genuine issues of material fact remained to be decided. Pippin then filed a motion for an "order regarding incontrovertible and controvertible facts" and a motion for "clarification." With regard to the first motion, the trial court found Pippin's contention that Civ.R. 56 (D) was applicable to the facts was not well taken because the decision on summary judgment did not involve a partial grant of summary judgment and that the ascertainment of material facts was not practicable. (Order, May 9, 2019). The trial court denied the motion for clarification finding that:

> This matter came on before this Court upon Plaintiff's Motion for Clarification filed April 26, 2019. On September 19, 2018 Defendants' Motion for Protective Order was denied.
>
> Thereafter according to Defendants' filing of October 8, 2018, Defendants made a good faith effort to obtain the requested information and were keeping Plaintiff's Counsel aware of the situation as it progressed. In that it appeared to the Court that the requests for discovery were being complied with, this Court denied Plaintiff's Motion to Compel and for Costs in its Order of October 15, 2018. No further filings regarding the discovery

issues were filed with this Court for over six (6) months. This matter shall proceed to Status Conference on May 31, 2019 at 11:30 a.m. and a Two Day Jury Trial commencing June 25, 2019 at 9:00 a.m.

**{¶19}** Pippin then filed a motion for sanctions, a motion for leave to file a motion in limine and a second motion for summary judgment. The trial court granted leave for Pippin to file the motion in limine, but the motion was denied. The second motion for summary judgment was likewise denied, and before the trial court could rule on Pippin's motion for sanctions, Pippin filed a motion to strike defendants' experts. The trial court denied both motions on August 21, 2019.

**{¶20}** Sanderson filed a motion to compel Pippin to pay his expert for time spent in a deposition. The motion was granted on August 21, 2019, but before payment was made, Sanderson filed a second motion requesting sanctions or dismissal of the case for failure of Pippin to make payment. The trial court granted that motion and Pippin paid $83.00 in expenses in addition to the $12.00 witness fee issued with the subpoena.

**{¶21}** Pippin presented his case to a jury beginning on February 18, 2019 and concluding February 19, 2019 when appellees moved for a directed verdict. A transcript of the testimony was not included with the record, but Pippin did supply that portion of the record addressing Sanderson's motion for directed verdict. Sanderson argued appellees were entitled to a directed verdict because Pippin failed to produce evidence he had title to the automobile and did not submit any evidence of value of the vehicle or the amount of damages. Further, Sanderson argued that any failure of Sanderson's performance as counsel did not rise to the level of extreme and outrageous conduct that would lead to mental harm. He noted that Pippin testified that Sanderson did not cause any emotional

distress, so any claim for mental anguish must fail. Finally, Sanderson noted that the punitive damages claim must fail for lack of any award of compensatory damages.

**{¶22}** Pippin responded by referring to the trial court's order setting a deadline for motions as a bar to Sanderson's motion for directed verdict. Sanderson responded that Civ.R. 50 controls the presentation of a motion for directed verdict and the trial court agreed that it could not amend the Civil Rules. The trial court further noted that the order referenced by Pippin applied only to pre-trial motions, and did not bar a motion for directed verdict.

**{¶23}** After debate regarding the difference between the prior summary judgment motions and a motion for directed verdict, Pippin argued that he had supplied evidence of the value of the automobile to counsel for the defendants and that he was prepared to provide certified documents to the jury showing the value of the vehicle after the "jury renders its verdict on the primary issue." Pippin also contended that the jury was capable of arriving at a value of the vehicle on their own, that the jury knew the vehicle was sold and that he planned to explain to the jury that the sale price was $10,500.00. Pippin further argued that he had presented evidence of equitable title and that lack of a paper title was not fatal to his claim.

**{¶24}** Sanderson pointed out that it would have been inappropriate for counsel in closing argument to say the vehicle was sold for $10,500.00 when there was no evidence in the record to support that conclusion. Further the jury would be left to speculate as to the value of a vehicle that was over ten years old with 122,000 miles that had been sitting idle for two years. Sanderson insisted that the Ohio Revised Code required that Pippin have evidence of title before the court could recognize his ownership interest in the

vehicle and that the transfer ordered by the Franklin County Probate Court had never been completed.

**{¶25}** With regard to legal malpractice the trial court found that there was a jury issue regarding whether there was an attorney-client relationship giving rise to a duty and whether there was a breach of that duty. However, the court concluded that even if the appellant had demonstrated that title was transferred, there was no evidence of any damages and refused to allow the jury to guess the value of the vehicle.

**{¶26}** The court found that Pippin testified that his emotional stress came from the incarceration so the claim of emotional distress must fail. Because Pippin's claims for compensatory damages and emotion distress were unsuccessful, no punitive damages could be awarded. The trial court found that appellees were entitled to a directed verdict on all claims.

**{¶27}** We believe is important to note that Pippin did not at any time request the opportunity to reopen his case and present evidence regarding damages.

**{¶28}** Pippin filed a notice of appeal and submitted four assignments of error:

**{¶29}** "I. PLAINTIFF'S REQUESTS FOR SUMMARY JUDGMENT WERE DENIED CONTRARY TO GOVERNING LAW."

**{¶30}** "II. PLAINTIFF'S REQUESTS FOR COSTS INCLUDING ATTORNEY FEES PURSUANT TO DENIAL OF DEFENDANTS' PROTECTIVE ORDER REQUESTS WERE DENIED CONTRARY TO GOVERNING LAW."

**{¶31}** "III. CONTRARY TO GOVERNING LAW DEFENDANTS' REQUEST FOR DIRECTED VERDICT WAS GRANTED."

**{¶32}** "IV. CONTRARY TO GOVERNING LAW JURY COSTS WERE TAXED TO PLAINTIFF."

**ANALYSIS**

**I Summary Judgment**

**{¶33}** Pippin contends the trial court erred by failing to grant either of his motions for summary judgment because he was entitled to judgment in his favor on undisputed facts.

**{¶34}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 738 N.E.2d 1243 (2000).

**{¶35}** After review of the record, we find that the trial court did not err in dismissing Pippin's motions for summary judgment because, when the facts and the inferences to be drawn for those facts are most strongly construed in favor of Sanderson, a reasonable juror is not constrained to arrive at a finding in favor of Pippin.

**{¶36}** Sanderson acknowledges that he was appointed in 2016, presumably May, to represent Pippin in a criminal matter. He sets out in affidavit form his involvement in

the case and his findings regarding the status of the docket. After reviewing Sanderson's affidavit and deposition, we find that after receiving notice of Pippin's malpractice claim Sanderson discovered that a motion to release the vehicle was filed by Pippin's prior attorney, Jason Price, and that motion had been granted prior to Sanderson's appointment as counsel. He contends he was appointed solely as criminal counsel, but did file a request for the return of property in response to Pippin's persistent request that he file such a motion and because his current counsel had not taken any action. Sanderson filed the motion to vacate the forfeiture and then delivered a copy of his file to Pippin's civil counsel on February 27, 2017.

{¶37} Sanderson also stated that "he had no obligation to personally retrieve the vehicle, that by the time he had gotten involved in the case the Court had put on the Orders referred to previously, and that Affiant did not fall below the standard of care for an attorney handling the matters for which Affiant became engaged with Mr. Pippin." Sanderson concluded with the opinion that "Mr. Pippin's failure to pick up the vehicle after the Court ordered it to be released to him was the proximate cause of the title being transferred to Walnut Trader."

{¶38} Because a defendant in a legal malpractice action may testify regarding whether he or she met the applicable standard of care, independent expert testimony on that issue is not required. *Vahdati'bana v. Scott R. Roberts & Assoc. Co.,* 10th Dist. No. 07AP–581, 2008–Ohio–1219, ¶ 31, quoting *Roselle v. Nims,* 10th Dist. No. 02AP–423, 2003–Ohio–630. *Schottenstein, Zox & Dunn, L.P.A. v. C.J. Mahan Constr. Co.*, 10th Dist. Franklin No. 08AP-851, 2009-Ohio-3616, ¶ 25. Sanderson's opinion shifted the burden to Pippin to "point to or submit some evidentiary material demonstrating the existence of

genuine issues of material fact" *Schottenstein, Zox & Dunn, L.P.A.* at ¶ 25. The trial court ordered that Pippin provide that expert testimony in an order issued on September 19, 2018.

**{¶39}** Pippin supplied the trial court with a contrary expert opinion contending that Sanderson's representation included recovering the automobile, that his representation fell below the standard of care and that Pippin suffered damage as a result. Considered in the context of the facts in the record, the contrary affidavits provide support for a decision in favor of either a party, preventing the trial court from granting either motion for summary judgment. While Pippin does cite to many other issues, some of which are facts and others merely statements in pleadings, none resolve this central issue. Questions of whether Sanderson had an obligation to review the docket, whether the trial judge provided him a copy of a dispositive motion in January 2017 and the substance of the conversations between Pippin and Sanderson are all peripheral to the central issue of whether as a matter of law, the facts demonstrated that Sanderson had breached his duty to Pippin. Based upon the affidavits and testimony, the parameters of that duty and its breach remained contested and a reasonable person would not be limited to deciding in favor of Pippin.

**{¶40}** The cause of the loss of the vehicle is also contested in the affidavits, Sanderson laying the blame on Pippin and Pippin's expert holding Sanderson responsible. Pippin's motion for summary judgment also lacks any evidence regarding the element of damages, primarily the value of the automobile. A claim of legal malpractice includes a requirement that he demonstrate "a causal nexus between the alleged negligent conduct and the resulting damage." *Krahn v. Kinney*, 43 Ohio St.3d 103,

538 N.E.2d 1058 (1989). The record shows a dispute regarding the causal nexus and no evidence regarding the resulting damage, so Pippin has left additional genuine questions of material fact undecided and unsupported.

**{¶41}** The trial court appropriately denied the motions for summary judgment because the materials submitted to the court and subject to consideration under Civ.R. 56 leave genuine issues of material fact to be decided and would not lead a reasonable person to only one conclusion.

**{¶42}** The first assignment of error is denied.

## II. Discovery Sanctions.

**{¶43}** In his second assignment of error, Pippin argues the trial court erred when it failed to award him his expenses for opposing Sanderson's two motions for protective orders. Both motions for protective orders were denied. The first, a motion to prohibit the deposition of the malpractice insurance adjuster was denied as being premature. The second motion, seeking relief from responding to Pippin's Fourth Discovery Request, was denied without comment.

**{¶44}** Pippin requested attorney fees within all of the aforementioned motions as well as memoranda contra Sanderson's motions for protective orders, but the trial court either did not address that request or, on one occasion, specifically denied the request. Pippin contends the trial court was obligated to award costs and fees and that the trial court's failure to do so was error.

**{¶45}** Pippin relies upon Civ.R. 37 (A)(5) in support of his request for fees. That Rule states:

>    Payment of Expenses; Protective Orders.

(a)     If the Motion Is Granted. If the motion is granted, the court shall, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court shall not order this payment if:

(i)     The movant filed the motion before attempting in good faith to obtain the discovery without court action;

(ii)    The opposing party's response or objection was substantially justified; or

(iii)   Other circumstances make an award of expenses unjust.

(b) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Civ.R. 26(C) and shall, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court shall not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

**{¶46}** We review a trial court's imposition of a sanction pursuant to Civ.R. 37 for abuse of discretion. *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254 (1996), syllabus. A trial court has broad discretion to impose sanctions against a party who violates the discovery rules, and this court shall not reverse the trial court's determination on this issue

absent an abuse of discretion. (Citations omitted.) *Whitt v. Vindicator Printing CP*., 7th Dist. Mahoning No. 15 MA 0168, 2018-Ohio-2760, ¶¶ 57-58. The phrase "abuse of discretion" connotes more than an error in judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶47}** The trial court has no discretion to award expenses if the responsible party's actions were "substantially justified or other circumstances make an award of expenses unjust," but Pippin disregards this portion of the rule. Instead, Pippin contends the award of fees and expenses is mandated by the Rule, focusing on Civ.R. 37(A)(5)(b) with regard to the motion for protective order filed by Sanderson on July 24, 2018. That motion was denied as premature, but the trial court did not address Pippin's request for attorney fees and costs. Pippin brought the lack of a response to the attention of the trial court in a motion filed November 5, 2018, arguing that the award of expenses was mandated by the Rule when Sanderson's motion for a protective order was denied and asking that the court reconsider its decision. The trial court responded by finding that "To date, this Court finds that the actions of the Defense do not require Rule 37 sanctions. This Court finds that Defendants' failure to comply was substantially justified, or that other circumstances would make an award (of costs), unjust." The trial court reviewed the efforts of Sanderson to comply with the discovery requests, found them reasonable and found no reason to issue another order or award costs. We interpret this finding of the trial court to be a comprehensive finding, applying to all of the discovery exchanges and orders issued prior to November 14, 2018 and therefor providing a comprehensive denial of any previous

requests for costs. And, after reviewing the record before us, we hold that the trial court did not abuse its discretion by denying the request for an award of fees and costs.

{¶48} Appellant's second assignment of error is denied.

### III. Directed Verdict.

{¶49} In his third assignment of error, Pippin argues that the trial court erred by granting the motion for a directed verdict, describing the trial court's action as elevating a technicality over the merits of the case. Pippin failed to provide us with a transcript of the testimony presented in the proceedings below during his case-in-chief. The only portion of the trial transcript presented to this Court is an excerpt containing the oral arguments of the parties regarding the directed verdict. Appellate review of the disposition of a motion for a directed verdict necessitates consideration of the evidence adduced at trial to assess its legal sufficiency for submission of the case to the jury. Civ. R. 50(A)(4); *Ruta v. Breckenridge-Remy Co.* (1982), 69 Ohio St.2d 66, 430 N.E.2d 359; *McRoberts v. Value City, Inc.* (Sept. 23, 1987), Hamilton App. No. C-860855, unreported. In the absence of a properly certified and submitted transcription of portions of the proceedings below necessary to our examination of the trial court's disposition of the motion for a directed verdict, we are compelled to presume the validity of the lower court's determination. (Citations omitted.) *Hagl v. Nurre Bldg. Materials Co.,* 1st Dist. Hamilton No. C-880671, 1989 WL 146433, *1. Appellant's assignment of error is denied as a result of his failure to provide a complete record.

{¶50} The transcript of the argument regarding the directed verdict, though not a complete record of the evidence, suggests that a directed verdict was supported by the evidence. The trial court granted the motion for directed verdict for lack of any evidence

regarding the damages suffered by Pippin.  Pippin concedes that he did not produce that evidence and the record before us does not contain any request by Pippin to re-open his case to present such evidence.  We will not speculate whether the trial court was obligated to grant such a request, but its absence from the record can only be interpreted as supportive of the trial court's ultimate decision.

**{¶51}** Appellant's third assignment of error is denied.

### IV. Jury costs.

**{¶52}** Pippin suggests that the trial court failed to follow "governing law" when it imposed the costs of the jury trial on him, based upon his theory that the imposition of such costs serves as a disincentive for parties to request a jury for cases that are without sufficient merit.  Pippin cites no authority in support of this novel legal theory and we are not willing to adopt it in this case.

**{¶53}** Revised Code 2335. 28(B)(1) states in relevant part that "[i]f a civil action in a court of common pleas in which a jury has been summoned but not sworn is settled or does not otherwise go forward, the fees of the jurors summoned may be taxed as costs at the discretion of the trial court." With regard to these costs, Civ.R. 54(D) provides that "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

**{¶54}** "A prevailing party is generally the party '"in whose favor the decision or verdict is rendered and judgment entered".' *Hagemeyer v. Sadowski* (1993), 86 Ohio App.3d 563, 566, 621 N.E.2d 707, quoting *Yetzer v. Henderson* (June 4, 1981), 5th Dist. No. CA–1967, 1981 WL 6293, at *2. See Also *Woodfork v. Jones*, 2nd Dist. Montgomery No. 15841, 1997 WL 71820, 6–7 quoting Black's Law Dictionary (6 Ed. Rev.1990) 1188

(A prevailing party is "[t]he party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered").

**{¶55}** That Rule and Revised Code Section granted the trial court the discretion to award court costs to the prevailing party in this case. *State ex rel. Reyna v. Natalucci–Persichetti,* 83 Ohio St.3d 194, 198, 1998–Ohio–129, 699 N.E.2d 76, quoting *Vance v. Rodersheimer, 64* Ohio St.3d 552, 555, 1992–Ohio–89, 597 N.E.2d 153. Where the court is given discretion to act, the court commits error only if it has abused that discretion. To constitute an abuse of discretion, the ruling of the trial court must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. *Blakemore, supra.* "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 473 N.E.2d 264, quoting *Spalding v. Spalding* (1959), 355 Mich. 382, 384–385, 94 N.W.2d 810. In order to constitute an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. *Id.*

**{¶56}** Pippin has not provided a complete transcript of the trial, so we presume the regularity of the proceedings below. To the extent that we have a record to review, we conclude that the trial court did not abuse its discretion because Sanderson was the prevailing party when he successfully persuaded the trial court that Pippin's case lacked

any evidence of damages and therefor failed on its merits.  The court's actions were neither unreasonable, arbitrary nor unconscionable.

{¶57}  Appellant's fourth assignment of error is denied.

{¶58}  We hold appellee's conditional cross appeal moot as a result of our determination that the trial court did not err in rendering a directed verdict.

{¶59}  The decisions of the Fairfield County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.